176       RUTLAND COUNTY,

Needham *v.* School Dist. No. 6 in Shrewsbury.

## ELIJAH P. NEEDHAM *v.* SCHOOL DIST. NO. 6 IN SHREWSBURY.

*Union of school districts; suit against original district.*

In 1887 No. 6 and No. 15 were united, forming a new district, known as No. 6. The plaintiff, in June, 1888, having a debt against original No. 6, brought suit against No. 6, describing it as that district which is "running a school." *Held*, that this was a suit against new No. 6, and the debt being against original No. 6, the defendant had judgment.

This was an action in general assumpsit for the amount of a school district order, and was heard on the report of a referee, at September Term, 1889, POWERS, J., presiding. Judgment for the plaintiff. The defendant excepts.

The case appears in the opinion.

*W. W. Stickney*, for the defendant.

This case involves the attempt to swap defendants on the road between the commencement of suit and final judgment.

The debt was against original district No. 6. By the union of old No. 6 and No. 15 a new district was created, and this is the defendant sued. It is now sought to take judgment against original No. 6. *Greenback* v. *Boutwell*, 43 Vt. 207; *Barnes* v. *Ovitt*, 47 Vt. 316; R. L. s. 557; *O'Shaughnessy* v. *Baxter*, 121 Mass. 515; *Gorman's Case*, 144 Mass. 190.

The defendant could not take advantage of this defect until the trial upon the merits. It is not a case of misnomer. *O'Shaughnessy* v. *Baxter*, 121 Mass. 515; *Gorman's Case*, 124 Mass. 190.

*Geo. E. Lawrence*, for the plaintiff.

It is conceded that original No. 6 is liable for this debt, and that it may be sued, its organization being preserved by statute for that purpose, notwithstanding its union with No. 15. It is further

JANUARY TERM, 1890. 177

Needham *v.* School Dist. No. 6 in Shrewsbury.

conceded that the writ was properly served on the clerk of original No. 6. Why, then, may not judgment be taken against it?

The opinion of the court was delivered by

MUNSON, J. In July, 1887, two adjoining school districts in Shrewsbury were united. One of these districts had been known as " District Number Six," and the new district formed by this union received the same designation. This suit was brought in June, 1888, to recover a debt which had been incurred by the old District Number Six. By force of the statute, a district, which has thus become part of a new district continues to exist for the settlement of its affairs. So at the time this suit was commenced there were in existence two districts known by the name of Number Six, against either of which the suit might have been brought. The service would not determine which was sued, as the same person was clerk of both. Under these circumstances the plaintiff undertook to add to the name by which both districts were known, such further description as would designate the one intended. The clause inserted in the writ for that purpose is defective in construction, but a majority of the court think its meaning is obvious, and that the terms used are a designation of the new district. The defendant is that District Number Six which is " running a school." This description could only apply to the newly organized district. The original District Number Six, having become a part of a new district in 1887, cannot have been maintaining a school in the succeeding school year.

This construction having been given to the writ, it is not necessary to consider the admissibility of the evidence from which the referee has found that it was the intention of the plaintiff to sue the new district. He has in fact done so, and the new district not being liable for the debt of the old, the suit must fail.

*Judgment reversed and judgment for defendant.*