CHICAGO, ST. P., M. & O. R. Co. v. CUMING COUNTY.

[FILED FEBRUARY 17, 1891.]

**County Bonds:** TAXES FOR PAYMENT: TERRITORY SUBSE-
QUENTLY ANNEXED.  Where bonds are issued by a county in
favor of works of internal improvement, they become a charge
against the county, the principal and interest to be paid by a
levy upon the property therein, whether such property was in
the county when the bonds were voted or was afterwards
brought in.  And where additional territory has been added to
a county after the voting of such bonds, the taxable property in
such additional territory is liable, like other property in the
county, to taxation for the payment of said obligations.

ERROR to the district court for Cuming county.   Tried
below before NORRIS, J.

*John B. Barnes,* for plaintiff in error, cited, contending
that the bonded debt was not a lawful charge against terri-
tory subsequently annexed :   *Rineman v. R. Co.,* 7 Neb.,
310; 1 Dill., Mun. Cor., sec. 104; *Phillips v. Albany,* 28

Wis., 340; *Davenport v. Dodge Co.*, 105 U. S., 237; *Blair v. Cuming Co.*, 111 Id., 363.

*P. M. Moodie, J. C. Crawford,* and *M. McLaughlin, contra,* cited: 1 Dillon, Mun. Corp., 212; *U. S. v. Memphis,* 97 U. S., 284; *Powers v. Wood Co.*, 8 O. St., 285.

MAXWELL, J.

This is an action brought by the plaintiff against the defendant to recover certain taxes paid under protest. On the trial of the cause in the court below judgment was rendered in favor of the defendant, and the action dismissed. The case was tried upon the following stipulation of facts:

"The following is the agreed state of facts in this cause:

"First—This is an appeal from the order of the county board rejecting the plaintiff's claim for the repayment of certain taxes for the year 1887. It is agreed that said taxes were paid under protest in due form by the said plaintiff, and a repayment of the same was duly demanded.

"That plaintiff duly filed its claim for repayment of said taxes with the county board, and that the same was rejected by said board, and that said cause was duly appealed to this court as provided by law.

"It is agreed that the taxes sought to be recovered were levied and assessed on plaintiff's line of road to pay certain interest and principal of certain railroad bonds of said county of Cuming, voted and issued by said county on the 14th day of July, 1870, to the amount of $143.32, and that the indebtedness of the judgment levy and special judgment levy, amounting to $133.33, mentioned in the petition has been created since the year 1873 and about the year 1879.

"That the territory over which said plaintiff's line of road is built was attached to said county of Cuming by an

act of the legislature of the state of Nebraska, which took effect in the year 1873, and at the time said bonds were voted and the debt thereon created, said territory was no part of the said county of Cuming.

"That said territory so attached to said county in 1873, as aforesaid, was then, and always has been, and still is, a part of the Indian reservation of the Omaha tribe or nation of Indians, except as hereinafter stated, and said tribe or nation has never in any manner consented to the making of said territory a part of said county of Cuming.

"That by the terms of the act of congress of 1854 forming the territory of Nebraska, the said Omaha Indian reservation was especially exempted from the operation of the laws of said territory of Nebraska, and the jurisdiction thereof as set forth in said act of congress, which is to be considered a part of this agreed state of facts, and as evidence herein.

"That no other change has been made in the status of said territory except that made by the enabling act of congress, and the act admitting Nebraska as a state into the union, which are found on pages 12, 13, 14, and 15 of the Compiled Statutes of Nebraska for the year 1887, and on page 391 of the United States Statutes at Large, vol. 14.

"That in June, 1880, the said Omaha tribe or nation of Indians, by a treaty made with its chiefs and head men, sold and ceded the plaintiff's right of way to it for the purpose of constructing its railroad thereon, and that said treaty was duly ratified by congress and the president as by law provided; that neither the United States nor the said tribe or nation of Indians parted with the title to any of said reservation until the act of congress in the year 1882, authorizing the sale of that portion of said reservation west of the plaintiff's right of way, said act being found in United States Statutes at Large, at page 341, volume 22.

"That all of the balance of said reservation is held, owned, and enjoyed by the said tribe or nation of Indians,

and is the greater part of the said territory attached to said county of Cuming, by said act of the legislature of 1873.

" That at the time said bonds were voted, all of the territory on which plaintiff's line of road is situated was a part of the Indian country and was no part of said county of Cuming.

" The proposition to vote said railroad bonds and create said indebtedness thereon was never in any manner submitted to the inhabitants of the said territory.

" It is agreed to submit the cause without a jury to the court upon the foregoing state of facts, the pleadings, and the law in the case."

The principal question in this case is, whether or not territory which has been added to a county after the voting of bonds for the construction of a railway through said county is liable to taxation for the payment of said bonds. In this case the question of the taxation of the Indian lands is not involved and there is no suggestion that the railway is real estate and therefore its particular location does not enter into the question. We prefer, however, to meet the question presented.

A county is a subdivision of the state having certain corporate powers, and among others the right to contract debts by issuing bonds in aid of works of internal improvement. This aid is given as a corporation. In other words, the county assumes a certain burden and agrees to pay its obligations. This is done by a tax upon all the taxable property of the county. The levy from year to year is made upon the property as returned by different assessors.

In a new state like this the increase in property and values from year to year is considerable. If the position contended for by the plaintiff should be sustained, then only such property as was within the county when the bonds were voted would be liable for the payment of the same. This, however, is not the law. The voters of a county

when voting bonds assume a burden not only for them-
selves but for all the property owners in the county, and
in effect agree that the county shall pay the bonds with
lawful interest thereon.   This applies to all taxable prop-
erty in the county, whether in the county when the bonds
were voted or such as may be brought therein afterwards.

The rule that bonds voted by a precinct or other sub-
division become a charge upon the property of such pre-
cinct or subdivision and taxes for the payment of the
same are to be levied thereon, although such precinct may
be reduced in size, has no application to a case like that
under consideration.

The judgment of the district court is right and is

AFFIRMED.

THE other judges concur.