[Sac. No. 1202.    Department One.—February 17, 1906.]

THE PEOPLE ex rel. TAXPAYERS OF EXCELSIOR SCHOOL DISTRICT, Appellants, v. HANFORD UNION HIGH SCHOOL DISTRICT et al., Respondents.

SCHOOL DISTRICTS—VOID ANNEXATION—ASSUMPTION OF BONDED INDEBT-
EDNESS WITHOUT ELECTION—CONSTITUTIONAL LAW.—An order by
the supervisors annexing a school district to a high-school district
upon terms of agreement, which essentially involve the assumption
by the school district of a *pro rata* part of the bonded indebtedness
of the high-school district, without the assent of two thirds of the

voters of the school district, given at an election held for the purpose of incurring a debt therefor exceeding its income for the current year, as required by section 18 of article XI of the constitution, is ineffectual for any purpose, notwithstanding the annexation was expressly assented to by a majority of the heads of families in the school district.

APPEAL from a judgment of the Superior Court of Kings County. M. L. Short, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and Jones, Park & Jacobs, for Appellants.

Letus N. Crowell, and E. T. Cosper, for Respondents.

ANGELLOTTI, J.—This is an action brought by the attorney-general, in the name of the people of the state, upon the complaint of certain taxpayers of Excelsior School District of Kings County, to obtain a decree excluding the Hanford Union High School District from exercising any powers, privileges, functions, or franchises over any of the territory of said Excelsior School District. The claim of the state is that Excelsior School District constitutes no part of said high-school district, and the question presented by this proceeding is as to the validity of certain proceedings having for their object the admission of said Excelsior School District as a part of said high-school district.

There is no dispute as to the facts. The Hanford Union High School District was formed in the year 1893 by ten contiguous school districts of Kings County, under the provisions of section 1670 of the Political Code, and ever since that time has conducted and maintained a union high school, known as the "Hanford Union High School." Excelsior School District was in 1893, and ever since has been, one of the school districts of said county, and was not included in the formation of such high-school district, but lay adjacent thereto. In the year 1895, the electors of the high-school district, at an election regularly called for that purpose by two-thirds vote, declared in favor of the issuance and sale of the bonds of said district, in the amount of $7,500. bearing interest at the rate of six per cent per annum, and running ten years,

and such bonds were regularly issued and sold by the supervisors of the county, and the proceeds used for the purpose for which they were voted,—viz., the purchase of a lot and the building and furnishing of a schoolhouse thereon. In July, 1898, the full amount of the principal of said bonds was still unpaid, and $4,500 thereof remained unpaid at the date of the trial of this proceeding. In September, 1898, a majority of the heads of families of Excelsior School District presented to the board of supervisors of Kings County a petition for the annexation of said district to said high-school district, which petition was accompanied by a petition signed by a majority of the members of the high-school board of said high-school district, and also by a contract in writing which had theretofore been entered into between the trustees of the Excelsior School District and said high-school board, reciting the terms upon which Excelsior School District should be admitted. The terms recited were: ''That the said Excelsior District agrees to pay its *pro rata* of the taxes for the maintenance of the said Hanford Union High School from July 7th, 1898; and that said Excelsior District agrees to pay its *pro rata* of the taxes for the liquidation of the interest and bonded indebtedness of said Hanford Union High School District that is due and unpaid July 1st, 1898.'' On September 7, 1898, the board of supervisors of Kings County made its order reciting the conditions of admission agreed on, and also that the board of trustees of Excelsior District had in writing accepted such conditions, and concluding, ''Now, therefore, . . . it is hereby ordered that the territory embraced in said Excelsior School District be and the same is hereby annexed to the Hanford Union High School District.'' These were the only proceedings ever had for the purpose of accomplishing the annexation, and no election has ever been called or had in Excelsior School District to determine whether or not said district should pay its *pro rata* of the taxes for the maintenance of said high school, or its *pro rata* of taxes for the liquidation of the bonded indebtedness of the high-school district, or the interest thereon. Ever since such proceedings were had, the high-school district has assumed to exercise government and control over Excelsior School District under the claim that the same constituted a part thereof, and the board of supervisors have treated the same as a part of said district, and

levied taxes thereon, both for the maintenance of the high school and the payment of interest on the bonded indebtedness and such part of the principal as became due. This proceeding was commenced in January, 1902. Judgment was given in favor of defendant, decreeing Excelsior School District to be a part of the high-school district. Plaintiff appeals from such judgment.

The statutory provision regarding the annexation of an adjacent school district to a high-school district is as follows, viz.: "Any school district adjacent to a high school, union, or joint union high-school district, in the same or in an adjoining county, may be admitted to said high-school district, by action of the board of supervisors of the county in which the school district is located, *upon such terms as may be agreed upon between the trustees of the school district seeking admission and the high-school board,* whenever a majority of the heads of families, as shown by the last preceding school census, shall present to said board of supervisors a petition for such annexation, accompanied by a petition signed by a majority of the members composing the high-school board of the district to which admission is desired. . . . All the provisions relative to the levy and collection of the tax necessary to maintain a union high-school district shall apply to the levy and collection of the tax required for a joint union school district, as in this section provided." (Pol. Code, sec. 1670, subd. 22.) The italics in the above quotation are ours.

For the purposes of this case it will be necessary to consider only one feature of this statute. It is apparent therefrom that it was the intention of the legislature that no adjacent school district could be admitted to or become a part of an existing high-school district, except upon such terms and conditions as might in fact be agreed upon by and between the respective authorities of the school district and the high-school district, and that the board of supervisors should have no authority to make an order of annexation, except upon such terms as might thus be agreed on. The legislature has seen fit to make this condition, and the courts are not at liberty to dispense therewith.

One of the terms considered essential by the respective authorities in the case before us was, that Excelsior School District should bind itself to pay its *pro rata* of the existing

bonded indebtedness of such high-school district. It must be assumed, in view of the agreement made, that the high-school district was not willing to admit Excelsior District except upon that condition. The order of the board of supervisors was undoubtedly made upon the theory that Excelsior District had, by the action of its board of trustees, and perhaps the assent of a majority of its heads of families, made an agreement binding itself to perform all the obligations attempted to be imposed, including the payment of its *pro rata* of the bonded indebtedness. Upon no other theory could the board of supervisors make a valid order of annexation, for the district could be annexed only on such terms as had been agreed on, and here it could not be admitted without making itself liable for its *pro rata* of the bonded indebtedness That Excelsior District did not make itself liable for any portion of such bonded indebtedness appears very clear. Our constitution provides that "no county, city, town, township, board of education, or school district, shall inc any indebtedness or liability in any manner, or for any purpose, exceeding in any year the income or revenue provided for such year, without the assent of two thirds of the qualified electors thereof voting at an election to be held for that purpose. . . . Any indebtedness or liability incurred contrary to this provision . . . shall be void." (Art. XI, sec. 18.) This provision absolutely precludes the imposition of the burden of any indebtedness of the character described therein upon any of the political subdivisions named therein, except in the manner therein provided. As has been universally recognized, it is applicable whenever it is sought to make any of the political subdivisions named liable for an indebtedness on account of money borrowed, to be evidenced by the bonds of such subdivision, payable out of the revenue of succeeding years. The bonded indebtedness involved here was originally created by the high-school district, in the prescribed way, and was as to such district a valid indebtedness. Any assumption, however, of a *pro rata* of this indebtedness by any school district not included in such high-school district, would be, as to such school district, the incurring of such an indebtedness or liability. just as fully and completely as the original creation of such indebtedness, by the high-school district, was an incurring

of such an indebtedness or liability on its part.  In each case, the political subdivision is attempting to incur a liability in excess of its provided income or revenue, no part of the amount of which can ever be paid from its ordinary revenues, but all of which is obtainable only by special levy, to be made for the express purpose of paying the same.  Such a liability on the part of any political subdivision named in the constitutional provision can be created, the constitution says, only with the assent of two thirds of the qualified electors of such subdivision, voting at an election to be held for that purpose, and the property-owners in the subdivision are protected by such constitutional provision against any tax to pay such indebtedness, unless it has been so assented to by the electors. In view of this provision, the trustees of Excelsior District were without power to bind the district in this matter, even though their action was expressly assented to by a majority of the heads of families in the district.  In one way only could such a liability be assumed by the district,—viz., the method prescribed in the constitution.  If the statute under consideration must be construed as authorizing the trustees of the adjacent school district, by their mere agreement to that effect, to bind the district in such a matter as the assumption of any portion of an existing bonded indebtedness of another district, it is plainly in violation of the constitutional provision.  *McBean* v. *Fresno,* 112 Cal. 159, [44 Pac. 358, 53 Am. St. Rep. 191], and kindred cases, are relied upon in support of the claim that the assumption of the burden to pay a *pro rata* of the bonded indebtedness and interest thereon is not the incurring of such an indebtedness or liability as is included within the constitutional provision.  We are unable to perceive that these cases are at all in point.

As, in view of the terms agreed upon by the respective boards of trustees, it was essential to the admission of the Excelsior School District as a part of the high-school district, that it should assume the burden of paying its *pro rata* of the bonded indebtedness and interest, and as it never did legally assume this burden, or become in any degree liable on account thereof, the order of annexation made by the board of supervisors must be regarded as ineffectual for any purpose.

The judgment is reversed, and the cause remanded for proceedings not inconsistent with the views herein expressed.

Shaw, J., and Henshaw, J., concurred.