(April 13, 1910.)

J. W. BLAKE, Appellant, v. J. S. JACKS, Assessor, Re-
spondent.

[108 Pac. 534.]

ANNEXATION OF A PART OF ONE COUNTY TO ANOTHER—PAYMENT OF
INDEBTEDNESS—LIABILITY OF PART ANNEXED.

(Syllabus by the court.)

1. Where a county is enlarged by annexing a portion of an-
other county, the annexed portion is liable to pay its proportionate
share of the indebtedness of the county to which it is annexed.

2. Under the provisions of sec. 1963, Rev. Codes, which pledges
the faith, credit and all taxable property within the limits of the
county as it was constituted at the time the indebtedness was in-
curred for its payment, all taxable property subsequently brought
into the county is liable for its proportionate share of such in-
debtedness.

3. Under the provisions of our statute, the indebtedness of a
county becomes a burden upon all of the taxable property brought
within the county after the creation of such indebtedness, as well

as upon the taxable property that was within the county at the date of the creation of the indebtedness.

APPEAL from the District Court of Nez Perce County, Second Judicial District.   Hon. Edgar C. Steele, Judge.

Action to enjoin the assessor and tax collector from the collection of any tax for the payment of certain indebtedness of Nez Perce county that existed prior to the annexation of a part of Shoshone county thereto.   Judgment for defendant. *Affirmed.*

Morgan & Morgan, for Appellant.

Under the constitution and statutes of Idaho, whenever a portion of a county is stricken off and annexed to another county, the portion so annexed does not become liable for, nor shall it be held to pay any part of, the indebtedness of the county to which it is annexed, which was contracted prior to said annexation.   (Constitution, sec. 3, art. 18; Rev. Codes, sec. 1963; *Shoshone County v. Profitt*, 11 Ida. 763, 84 Pac. 712.)

To hold that the part of the common-law rule requiring this annexed portion to shoulder the° burden of the debts of Nez Perce county, contracted prior to annexation, has not been abrogated and is still in force, and that the statutory rule requires it to continue to bear the burden of the debts of Shoshone county, contracted prior to segregation, is to hold that the common-law rule is abrogated to the material advantage of Shoshone county, as it now exists, and is still in full force and effect to the material advantage of Nez Perce county, as it existed prior to the annexation, but the injustice of such a construction to such segregated and annexed territory is very apparent.

D. C. McDougall, Attorney General, J. H. Peterson, Assistant, and Dwight E. Hodge, County Attorney for Nez Perce County, for Respondent.

"Where a county is enlarged by annexation of new territory, the property thus brought within the corporate limits

will be subject to taxation to discharge the pre-existing indebtedness of the old corporation." (*Watson v. Commrs. of Pamlico County,* 82 N. C. 17; *Chicago, St. P. M. & O. R. Co. v. Cuming County,* 31 Neb. 374, 47 N. W. 1121; *Lake Shore & M. S. Ry. Co. v. Smith,* 131 Ind. 512, 31 N. E. 196.)

"Debts of a municipality contracted before an addition become a burden upon the added territory as well as upon the original territory, unless it is otherwise provided by statute." (28 Cyc. 222 et seq.; *Blanchard v. Bissell,* 11 Ohio St. 96; *Stilz v. Indianapolis,* 55 Ind. 515; *United States v. Memphis,* 97 U. S. 284, 24 L. ed. 937; Dillon's Mun. Corp., 3d ed., secs. 63, 185; Smith's Mun. Corp., sec. 423; *Donahue v. Morgan,* 24 Colo. 389, 50 Pac. 1041; *Madrey v. Cox,* 73 Tex. 538, 11 S. W. 541; *Cash v. Douglasville* 94 Ga. 557, 20 S. E. 438; *Gottschalk v. Becher,* 32 Neb. 653, 49 N. W. 715; *Pence v. Frankfort,* 101 Ky. 534, 41 S. W. 1011.)

The same rule extends to counties as well as cities. (*Commrs. of Laramie County v. Commrs. of Albany County,* 92 U. S. 307, 23 L. ed. 552.)

SULLIVAN, C. J.—An act was passed by the legislature in 1903 (see Sess. Laws 1903, p. 209) which segregated from Shoshone county a portion of such county and annexed it to Nez Perce county, and this action is brought to test the right of Nez. Perce county to levy and collect taxes on property in said annexed portion for the purpose of paying the principal or interest of warrants or bonded indebtedness created by and existing against said county prior to the annexation.

The facts plead in the complaint were sufficient to put in issue the right of Nez Perce county to levy and collect taxes on the annexed territory for the purpose of paying the indebtedness of Nez Perce county, existing at the time of the annexation. The court sustained a general demurrer to the complaint and entered judgment of dismissal, the plaintiff having declined to plead further, and the appeal is from said judgment. The sustaining of the demurrer and entering judgment of dismissal is assigned as error.

It is contended that since this court held in *Shoshone County v. Profitt*, 11 Ida. 763, 84 Pac. 712, that the portion of Shoshone county segregated therefrom and attached to Nez Perce county must pay its ratable portion of the indebtedness of Shoshone county, and that Nez Perce county as it existed at the time of the annexation was not liable for any part of that indebtedness, it would be unjust and inequitable now to require the segregated and annexed portion to pay its proportionate part of the indebtedness of Nez Perce county that existed at the time of the annexation. In the case of *Shoshone County v. Profitt, supra,* it was held by a majority of this court, under the provisions of sec. 3, art. 18, of the state constitution, that whenever any part of a county is stricken off and attached to another county, the part stricken off must pay its ratable proportion of all of its then existing liabilities, to the county from which it is taken, and that the county to which it is attached was not liable to pay any of such indebtedness, and that is the law of that case.

In support of counsel's contention that it would be unjust and inequitable to require the annexed portion to pay its proportionate share of the mother county's indebtedness, and also its share of the county's indebtedness to which it is annexed, sec. 1963, Rev. Codes of 1909, is cited, which provides that the faith, credit and all taxable property within the limits of a county, as it was constituted at the time the indebtedness was contracted or incurred, are and must continue pledged for the payment of the same, and that that being true, Nez Perce county, as it existed before the annexation must and ought to pay all of the then existing indebtedness of the county.

The provisions of that section pledge the faith, credit and taxable property within the limits of a county as it was constituted at the time of incurring the indebtedness, to the payment of such indebtedness. But it was not intended by such provisions to exempt any taxable property that was brought into the county after the indebtedness was incurred from the payment of its ratable share of such indebtedness. The pledge of property then in the county to the payment of

indebtedness was not intended to release other taxable property within such county from taxation for that purpose. Where it is not prohibited by statute, the natural and legal result of annexation of one portion of a county to another is that such annexed portion must pay its ratable share of the indebtedness of the county to which it is annexed.

It was held in *Watson v. Commissioners of Pamlico Co.,* 82 N. C. 17, that where a county is enlarged by annexation of new territory, the property thus brought within the corporate limits will be subject to taxation to discharge the pre-existing indebtedness of the old corporation. In the course of that decision, the court cites *Commrs. of Currituck v. Commrs. of Dare,* 79 N. C. 565, and states that the court in that case cites with approval the doctrine laid down in 1 Dillon on Municipal Corporations, sec. 123, where it is stated that where a new county is created out of the territory of an old county, or if a part of its inhabitants or territory is annexed to another county, unless some provision is made in the act respecting the property and existing liabilities of the old county, the latter will be entitled to all of the property and be solely answerable for all of the liabilities, and says:

"The plaintiffs can derive no support to their claim of exemption from the decision in *Currituck v. Dare, supra,* since the liability of all the taxable property in the county of Dare, as constituted, to assessment to meet its obligations is recognized, while so much as is taken from Currituck by the express terms of the enactment is additionally charged with its ratable share of the debt of the latter incurred for internal improvement."

That case is clearly against the contention of the appellant. The case of *Chicago St. P. M. & O. Ry. Co. v. Cuming Co.,* 31 Neb. 374, 47 N. W. 1121, involved the question whether certain property was exempt from taxation to pay the debts of the county to which it was annexed that existed prior to the annexation. The court disposed of that contention as follows:

"If the position contended for by the plaintiff should be sustained, then only such property as was within the county

when the bonds were voted would be liable for the payment of the same. This, however, is not the law. The voters of a county, when voting bonds, assume a burden, not only for themselves, but for all the property owners in the county; and, in effect, agree that the county shall pay the bonds, with lawful interest thereon. This applies to all taxable property in the county, whether in the county when the bonds were voted, or such as may be brought therein afterward."

In *Lake Shore & M. S. Ry. Co. v. Smith,* 131 Ind. 512, 31 N. E. 196, the court said:

"The general and well-settled rule is that, where the territorial boundary of a body politic or corporation is extended so as to include new and additional property, such property is thereby subjected to taxation in like manner and to the same extent as property previously included within the corporation; and this is true, even though such taxation be for the purpose of paying pre-existing debts of the corporation."

It is held in 28 Cyc., p. 222 et seq., as follows:

"Debts of a municipality contracted before an addition become a burden upon the added territory as well as upon the original territory, unless it is otherwise provided by statute."

The rule there laid down was applied to cities and towns, and the same rule extends to counties as well as cities. (*Commrs. of Laramie Co. v. Commrs. of Albany Co.,* 92 U. S. 307, 23 L. ed. 552.)

We arrive at the conclusion that the property in the annexed portion of the county is liable for its proportionate share of the indebtedness of Nez Perce county as it existed before the annexation. The judgment of the trial court must therefore be sustained, and it is so ordered, with costs in favor of respondent.

Stewart and Ailshie, JJ., concur.