141 So. 25

### BRUCE et al. v. CATAHOULA PARISH SCHOOL BOARD.

No. 30964.

March 30, 1932.

John Dale, Jr., Dist. Atty., of Vidalia, for appellant.

C. W. Flowers, of Jena, and S. R. Holstein, of Winnsboro, for appellees.

ROGERS, J.

The school board of Catahoula parish created in July, 1914, school district No. 2, embracing the larger portion of ward 2 of the parish. On February 14, 1922, the district voted to issue bonds in the sum of $60,000. On April 1, 1930, the school board created school district No. 3, embracing the remaining portion of ward 2, and school district No. 4, embracing the whole of ward 1. And on the same day, namely, April 1, 1930, the school board consolidated the three districts, Nos. 2, 3, and 4, into one district to be known as "Consolidated District No. 2 of Catahoula Parish."

On May 14, 1930, at which date there were outstanding $52,000 of the $60,000 of bonds issued in February, 1922, by the original school district No. 2, the school board ordered a special election to be held on two propositions, namely: (1) Shall the new district incur debt and issue bonds in the sum of $75,-000 to run for twenty-five years for the purpose of purchasing, erecting, and improving school buildings and acquiring the necessary equipment therefor; and (2) shall the new district issue refunding bonds in the sum of $52,000 to run twenty-two years, to be identified with the outstanding bonds of original school district No. 2, and to be paid for by

the levy of annual taxes on all the property within the consolidated district? Both propositions were carried at the special election, the returns of which were promulgated July 1, 1930. On August 30, 1930, this suit was filed attacking the election and the action of the school board on numerous grounds; the plaintiffs, seven in number, being taxpayers of ward 1, which is coextensive with school district No. 4 created on April 30, 1930, and now included in consolidated district No. 2.

Judgment was rendered by the court below validating the proceedings and the election in respect to the issuance of bonds in the sum of $75,000, but annulling the election so far as it related to the refunding of the $52,000 of bonds issued by original school district No. 2. From the latter part of the judgment, the defendant school board has appealed.

The short question submitted for decision is: Can the property situated in original district No. 4, which has been merged into the consolidated district No. 2, be assessed to help pay through refunding bonds the $52,000 of outstanding bonds issued by original district No. 2, which has also been merged into consolidated district No. 2.

Defendant argues that there is no legislative act prescribing the method by which in the case of a consolidation of school districts the outstanding bonds shall be paid, and that therefore the question must be solved by the application of equitable principles.

But paragraph (g), section 14 of article 14 of the Constitution 1921, and section 32 of Act 46, Ex. Sess. of 1921, as amended by Act 218 of 1924, furnished the authority for the incurring and refunding of debt by school districts and other subdivisions of the state. The constitutional provision reads, in part, as follows:

"For the purpose of readjusting, refunding, extending and unifying the whole or any part of its outstanding indebtedness, including bonds supported by special taxes, * * * any subdivision may, when authorized by vote of a majority, in number and amount, of the qualified property taxpayers thereof voting at an election held for the purpose in the manner herein prescribed, issue refunding bonds not exceeding in amount the bonds refunded, or indebtedness due," etc.

Act 218 of 1924 follows the quoted constitutional provision, and prescribes the method by which refunding bonds may be issued.

Thus the instances, purposes for which and procedure by which political subdivisions may incur debt and issue bonds to be paid by the levy of special taxes are set forth by the Constitution and statutes of the state. Beyond these instances and purposes the taxpayers themselves cannot go.

As the judge of the district court, in his written reasons for judgment, pertinently remarks: "There can be no doubt of the right of a political subdivision to refund its outstanding indebtedness, including bonds supported by special taxes, by following the provisions of Act 218 of 1924. The Constitution and the Act of 1924 use the possessive pronoun 'its' in referring to the indebtedness or bonds to be refunded. A bonded indebtedness of a particular district does not automatically become the indebtedness of a larger district, in which it is included, from the act of merger or consolidation. Therefore, in grant-

ing the right to refund its outstanding or bonded indebtedness under certain conditions, the lawmaker must have had reference to the subdivision or district originally incurring the debt ,and issuing the bonds. To construe this law otherwise, we necessarily would have to say that when a consolidated district is formed of two or more districts, one or more of which has outstanding bonded indebtedness, that such indebtedness automatically becomes its (the consolidated district's) indebtedness and therefore may be refunded. We do not think this the correct construction to place on the laws on the subject as they presently exist."

"If the law be construed as contended for by defendant, we can conceive of cases where great injustice and financial wrong could be inflicted upon some taxpayers. For instance, a small but thickly populated district with a bonded indebtedness outstanding could be merged with large tracts of valuable, unimproved lands, inhabited by few people, and at an election for the purpose the bonded debt could be fastened for payment upon the entire new district, almost entirely by the vote of the populous district. Such a procedure would be tantamount to enlarging the original district and securing indirectly what cannot be accomplished legally directly, viz.: a reduction in the millage rate necessary to pay the bonded indebtedness by adding more taxable property to the original district."

Our conclusion is that both under express law and according to equity the case is with the plaintiffs.

For the. reasons assigned, the judgment appealed from is. affirmed.