**RAPP et v BETHEL-TATE CONSOLIDATED SCHOOL DIST IN CLERMONT COUNTY et**

Ohio Appeals, 1st Dist, Clermont Co

Decided Oct 30, 1937

Young & Barnes, for appellants.

Nichols, Speidel & Nichols, Batavia, and Frank G. Roberts, Batavia, for appellees.

## OPINION

By HAMILTON, J.

Appeal on questions of law.

The plaintiffs, in their petition, seek an injunction against the levy of a tax on the property of plaintiffs for the purose of paying a portion of a bonded indebtedness of the Bethel-Tate Consolidated School District in an amount in excess of the ten mill limitation, provided by statute, and ask that the auditor and the school board be enjoined from certifying the tax in excess of said ten mill limitation.

The defendants demurred to the petition. This demurrer was sustained by the Court of Common Pleas, and the plaintiffs, not desiring to plead further, judgment was entered denying the injunction. From that judgment, an appeal is prosecuted to this court.

The petition shows that prior to the consolidation of the Bethel Village School District and the Tate Township School District, the then Bethel Village School District had contracted a bonded indebtedness for the construction of school buildings in the Bethel District; that the amount of bonds outstanding at the time of the consolidation of the Bethel Village School District and the Tate Township School District was $61,500.

It is charged in the petition that the defendants, unless enjoined, will levy a tax in excess of the ten mill limitation on all of the property in the newly consolidated district, to discharge the bonded indebtedness, created by the Bethel Village School District.

It is alleged that subsequent to the acts of consolidation in the District, an election was held in the consolidated district, authorizing a levy above the ten mill limitation, in order to discharge the indebtedness created by the Bethel Village School District before the consolidation. The election resulted in a vote authorizing an extra levy on all the property in the newly created district.

The claim of the plaintiffs is that, while this election was in favor of the levy, the vote is ineffective for the reason that the electors residing in Tate Township, outside of the Bethel District, were not permitted to vote separately on the question, and that the attempt to enforce the levy violates their constitutional rights.

We refer to the new district as the consolidated district for designation only, since there is no legal significance to the term "consolidated," but the name will be used for convenience.

The county board of education placed the two districts, The Bethel Village School District and the Tate Township School District, in one new district, under authority of §4736, GC, which provides:

"The county board of education may create a school district from one or more school districts or parts thereof, and in so doing shall make an equitable division of the funds or indebtedness between the newly created district and any districts from which any portion of such newly created district is taken. Such action of the county board of education shall not take effect if a majority of the qualified electors residing in the territory affected by such order shall within thirty days from the time such action is taken file with the county board of education a written remonstrance against it. Members of the board of education of the newly created district shall be appointed by the county board of education and shall hold their office until the first election for members of a board of education held in such district after such appointment, at which said first election two members shall be elected for two years and three members shall be elected for four years, and thereafter their successors shall be elected in the same manner and for the term as is provided by §4712 GC. The board so appointed by the county board of education shall organize on the second Monday after their appointment."

No remonstrance was filed against the creation of the new district. The section also provides for the creation of the board of education for the newly created district and for the election of their successors after the board is duly created for the new district.

The constitutionality of §4736, GC, has been before the courts in several cases, and its constitutionality has been upheld.

See State ex v Preston, 126 Oh St 1; Kneale v Jennings et, 111 Oh St 637; State ex v Schneider et, 103 Oh St 492.

It will be noted that §4736, GC, provides with reference to the creation of new districts from one or more school districts or parts thereof, and that the county board of education "in so doing shall make an equitable division of the funds or indebtedness."

It, therefore, follows that the buildings and equipment of the old districts, from which the new district is ▮▮▮▮▮▮ ▮ created, become the property of the new district and the indebtedness of both passes to the new district.

In order to make the consolidated new district effective and complete, the indebtedness must be spread over the territory that goes to make up the new district. The fact that some of the indebtedness is made up of school building bonds does not alter the situation. To make it possible to carry out the power given under §4736, GC, and to give to the new district the benefit of all of the property, the whole new district should discharge the indebtedness in whatever form it may be.

It is argued that while the right to levy a tax upon all the property of the new school district for the discharge of the indebtedness exists, that levy must be within the ten mill limitation. If this were true under the facts pleaded, the creation of the new district would be made impossible since the levy to discharge the existing bonded indebtedness would have to be in excess of the ten mill limitation, and the bonds must be paid.

The question involved here in principle was passed upon in the case of Ross et v Adams-Mills Rural School District et, 113 Oh St 466. While it is true the question determined in the Ross case involved a consideration of §4692, GC, that section contains a similar provision regarding a division of funds and debts, and requires the same construction on that question as §4736, GC.

The essential facts in the Ross case were that the Jefferson Rural School District in Muskingum County, by a vote of the electors caused a new school building to be erected, the expense of which was met by the issuance of bonds of the Jefferson School District. $96,000 were outstanding and unpaid at the time of the transfer of the school territory from the Jefferson District to the Adams-Mills Rural School District, which transfer occurred after the issuance of the bonds voted by the Jefferson School District. The territory was transferred without any action on the part of the board of education or the taxpayers of the Adams-Mills District. In making the transfer the board of education ordered that $25,000 of the bonds of the Jefferson School District should be paid by the Adams-Mills Rural School District, and directed the auditor of Muskingum County to levy a tax on all of the property of Adams-Mills District to pay the principal of all bonds due or to become due, and to pay interest on such bonds as it became due. This brought before the court the question as to whether or not the action by the county board of education could transfer territory from a district, which had voted a bond issue, to another district and apportion payment of the balance of those bonds to the newly created district, to which it had been transferred. The school building constructed from the issue of bonds in the Jefferson School District was not transferred to the Adams-Mills District. The apportionment of the debt to the Adams-Mills District was made by the Board of Education under the provisions of §4692, GC, authorizing it to make an equitable division of the funds and indebtedness of the transferred territory. Thus it will be seen that, without any action on the part of the Adams-Mills District, a portion of the bonded indebtedness of the Jefferson District was transferred to it. The court held in the second paragraph of the syllabus:

"Where, subsequent to the issuance of the bonds for the erection of a school building and the levy of a tax to pay same by a rural school district, the county board of education, under authority of §4692, GC, transfers a portion of such district to an adjoining district and makes an equitable division of the funds and of such bonded indebtedness between the district from which and the district to which the territory was transferred, all the property of each district is subject to the levy of a tax to meet its share of the indebtedness as so apportioned."

In the Ross case, the court also held that the provisions of §4692, GC, did not violate any provisions of the state or federal constitution. The same ruling would necessarily apply to §4736, GC, and would uphold the levy in the case under consideration.

Secs 1, 2 and 3 of Article VI of the Con-

stitution of **Ohio** gives broad and almost unlimited power to the legislature to provide a thorough and efficient ▮▮ system of common schools throughout the state by taxation, etc., and for the organization, administration, and control thereof, and the statute must be considered in that light. In the Ross case, the opinion quotes from 1 McQuillin on Municipal Corporations, §265, as follows:

"Thus the legislature has the power to extend the limits of an existing municipality by annexing territory thereto, although such territory will receive no benefit from incorporation in return for the municipal burdens thereby imposed upon it, and although the annexed territory is thereby rendered liable for the pre-existing debts of the municipality."

The opinion further cites the case of Mount Pleasant v Beckwith, 100 U. S. 514, 25 L. Ed. 699, with approval, and quotes from that decision as follows:

"Where a municipal corporation is legislated out of existence and its territory annexed to other corporations, the latter, unless the Legislature otherwise provides, become entitled to all its property and immunities, and severally liable for a proportionate share of all its then subsisting legal debts, and vested with its power to raise revenue wherewith to pay them by levying taxes upon the property transferred and the persons residing thereon."

The court in the Ross case also cites **Blanchard v Bissell**, 11 Oh St 96, and **Powers v Commrs. of Wood County**, 8 Oh St 285, and many other cases.

The decision in the Ross case supports the right of the taxing authorities to levy a tax in the Adams-Mills District to pay the bonds created by the Jefferson District, apportioned to it.

The plaintiffs seek to distinguish these cases on the ground that the question in those cases only involve ordinary taxation, and does not deal with the question of a tax levy by a vote in excess of the ten mill limitation. We do not see the force of this argument. Levying of taxes ▮▮ to meet an indebtedness must be uniform throughout the taxing district. As the court said in the opinion in the Ross case: "and, when an equitable division of the indebtedness was made, all the property in each district be-

came liable for its respective proportion thereof. There is no statutory provision which would authorize a tax levied upon only a portion of a district or subdivision, and no method has been prescribed, and none has been suggested whereby that could be done. It would be contrary to the provisions of all tax levying and tax limitation statutes."

Thus, it is declared, in principle, that a levy in excess of ten mills could not be levied upon the portion of the territory lying in the old Bethel Village School District, but would have to be levied upon all the property within the newly created district. The levy would necessarily have to be made uniform throughout the newly created district.

Considering the question from the viewpoint of equity, it would certainly be inequitable for the newly added territory of Tate Township School District to receive title to the new buildings, erected by the Bethel District and then be exempt from aiding in the discharge of the bonded indebtedness for which the buildings stood. The bonds must be paid, and the Board of Education finds it necessary to make a levy in excess of the ten mill limitation to meet the interest and the maturing bonds. The plaintiffs and the citizens of Tate Township, outside of the Bethel School District, made no remonstrance against the consolidation, a right reserved to them in §4736, **GC**.

Having accepted the benefits of the consolidation all the property of the new school district must discharge the indebtedness. The bonded indebtedness having become the debt of the new district, it follows that a tax levy on all the property of the district to pay the bonds is required by law.

Under the authorities referred to, the necessary levies to pay the indebtedness is a valid levy. Certainly, ▮▮ the change of the territorial boundary would not defeat the right of the bondholder to collect, and the fact that it created an added burden of taxation upon the plaintiffs would not defeat the levy against the plaintiffs' property. Moreover, since the resolution recited that the amount to be raised under the ten mill limitation was insufficient to pay the operating expenses of the district and its **accrued indebtedness**, it would require no strained construction of §5625-18a, **GC**, to hold that the election legally authorized a levy in excess of the ten mill

limitation to pay the indebtedness a part of which is the bonded indebtedness.

The Court of Common Pleas was correct in sustaining the demurrer and its judgment is affirmed.

ROSS, PJ, and MATTHEWS, J, concur.