295 P.2d 249

Matter of the Order Concerning **JOINT CLASS A SCHOOL DISTRICT NO. 370, OWYHEE AND CANYON COUNTIES,** State of Idaho, and Common School District No. 61, Canyon County, State of Idaho.

Delmer KECK and Mildred Keck, husband and wife, and Fritz Gebert, **Plaintiffs-Respondents,**

v.

**JOINT CLASS A SCHOOL DISTRICT NO. 370, OWYHEE AND CANYON COUNTIES,** State of Idaho, Defendant-Appellant.

No. 8207.

Supreme Court of Idaho.

March 20, 1956.

Richard B. Eismann, Homedale, for appellant.

Laurence N. Smith, Caldwell, for respondents.

KEETON, Justice.

Prior to the reorganization proceedings hereinafter referred to, Joint Class A School District No. 370 encompassed parts of Owyhee and Canyon Counties, and Common School District No. 61 was located wholly within Canyon County, contiguous to School District No. 370. The reorganization proceedings, initiated and submitted to the voters, carried by a majority of the votes cast in each school district, with 53 votes cast in favor and 42 against in District No. 61.

The plan for reorganization contained a proposal that the real and personal property and debts and liabilities of the two districts be "absorbed and assumed by the proposed new school district." Joint Class A School District No. 370, as it existed prior to and at the time of the reorganization, owed a bonded indebtedness of $179,000; whereas, District No. 61 owed none.

The Board of County Commissioners of Owyhee and Canyon Counties each made an order for the reorganization which provided inter alia that the debts of the two districts, as formerly organized, be assumed by the new school district. The effect thereof made the taxpayers of former School District No. 61 liable for their proportionate part of the bonded indebtedness of former School District No. 370. Certain taxpayers of former District No. 61 appealed to the district courts of Owyhee County and Canyon County from each such order, asserting that it subjected the property of appellants and others to the bonded indebtedness of former School District No. 370 without the assent of two-thirds of the qualified electors of former District No. 61, in contravention of Art. VIII, Sec. 3, Idaho Constitution and Sec. 33–909, I.C., as amended. The newly formed Joint Class A School District No. 370 of Owyhee and Canyon Counties intervened in the appeals.

The matters at issue on appeal were submitted to District Courts on stipulated facts. The trial court ruled and adjudged in the proceedings in both counties that the order establishing the new Joint Class A School District No. 370 of Owyhee and Canyon Counties be affirmed; that the part of the order providing for the assumption of the proportional part of the bonded indebtedness of the former School District No. 370 by appellants and other resident taxpayers within the area of former School District No. 61, be reversed; and directed that the portion of the order purporting to subject the lands and other taxable property within

the former School District No. 61, to the bonded indebtedness of the former School District No. 370 be deleted. Joint Class A School District No. 370 of Owyhee and Canyon Counties (the consolidated district) perfected appeals from the judgments which were consolidated for hearing in this Court.

That part of the judgment of the trial court affirming the order creating the new school district is not here challenged. The only issue presented for determination is whether the bonded indebtedness of former School District No. 370 by the reorganization proceedings can be spread over the territory of former Common School District No. 61, as well as former School District No. 370, and the taxpayers of former Common School District No. 61 be compelled to assume and pay a proportionate share thereof without the assent of two-thirds of the qualified electors of the former School District No. 61 voting at an election held for that purpose.

Persons who voted on the reorganization proposal, including the proposal of assuming the indebtedness, were not limited to those possessing the qualification to vote at a bond election as provided by Sec. 33–909, I.C. They possessed only the qualifications provided by Sec. 33–408, I.C. Moreover, had the persons in former District No. 61, voting for the reorganization, possessed the qualifications of persons qualified to vote in bond elections, Sec. 33–909, I.C., the proposal did not carry by a two-thirds vote.

Art. VIII, Sec. 3, Idaho Constitution, provides as follows:

"No county, city, town, township, board of education, or school district, or other subdivision of the state, shall incur any indebtedness, or liability, in any manner, or for any purpose, exceeding in that year, the income and revenue provided for it for such year, without the assent of two-thirds of the qualified electors thereof voting at an election to be held for that purpose, nor unless, before or at the time of incurring such indebtedness, provision shall be made for the collection of an annual tax sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof, within twenty years from the time of contracting the same. Any indebtedness or liability incurred contrary to this provision shall be void: provided, that this section shall not be construed to apply to the ordinary and necessary expenses authorized by the general laws of the state."

Sec. 33–909, I.C., provides that a qualified elector to vote in a school district bond election must be a resident taxpayer or the husband or wife of a taxpayer of the district.

Respondents (taxpayers in former Common School District No. 61) contend that before the territory and the taxable prop-

erty in former Common School District No. 61 can be made to assume and pay a proportionate share of the bonds of former School District No. 370, the requirements of the constitution must be observed, i. e., such proposal must be submitted to the resident taxpayers of the district affected and assented to by a two-thirds majority vote thereof.

Appellant School District contends that Art. VIII, Sec. 3, Idaho Constitution, and Sec. 33–909, I.C., have no application to the situation; that the Legislature may provide the method of determining the disposition of the assets, and assumption of the indebtedness of each of the districts involved in the reorganization proceedings.

Appellant cites numerous cases tending to sustain its position of which State ex rel. Consolidated School Dist. No. 8 of Pemiscot County v. Smith, 343 Mo. 288, 121 S.W.2d 160; Peterson v. Swan, 231 Iowa 745, 2 N.W.2d 70; Independent School District No. 1 v. Williamson, Okl., 262 P.2d 701; Linke v. Board of County Commissioners, 129 Colo. 165, 268 P.2d 416; Southern Pacific Co. v. Maricopa County, 59 Ariz. 369, 129 P.2d 312, are illustrative.

Contrary views tending to support respondents' contention have been expressed in Bruce v. Catahoula Parish School Board, 174 La. 451, 141 So. 25; Needham v. School District No. 6, 62 Vt. 176, 20 A. 198; Barber v. P. S. Cummings and Sons, 167 Ga. 289, 145 S.E. 443; Missouri-Kansas-Texas R. Co. v. Excise Board of Bryan County, 181 Okl. 229, 73 P.2d 173; Love v. Rockwall Independent School District, Tex.Civ. App., 194 S.W. 659; People v. Hanford Union High School Dist., 148 Cal. 705, 84 P. 193; Terrell v. Clifton Independent School Dist., Tex.Civ.App., 5 S.W.2d 808.

The case of Missouri-Kansas-Texas R. Co. v. Excise Board of Bryan County, supra, was overruled in Independent School District No. 1 v. Williamson, Okl., 262 P. 2d 701, and the case of People v. Hanford Union High School District, supra, was distinguished or overruled in People ex rel. Thompson v. San Bernardino High School Dist., 62 Cal.App. 67, 216 P. 959.

A similar situation as is now presented was involved in Common School Dist. No. 2 of Nez Perce County v. District No. 1 of Nez Perce County, reported 71 Idaho 192, 227 P.2d 947. That case involved the application of a special enactment which provided that territory of an annexed school district should be subject to all the benefits, obligations and burdens of the annexing school district. This Court specifically held that if the Legislature thereby intended to burden the absorbed district with the existing bonded indebtedness of the annexing district, the act would be unconstitutional.

Art. VIII, Sec. 3, Idaho Constitution, is all inclusive; it specifically provides that no school district "shall incur any indebted-

ness, or liability, in any manner, or for any purpose" except as therein specifically provided.

◼ The taxpayers of former Common School District No. 61, by the plan of reorganization proposed, would become liable for payment of a debt not incurred in accordance with such section of the constitution. Such section, Art. VIII, Sec. 3, Idaho Constitution, is a limitation upon the power of the Legislature; and the Legislature cannot authorize a school district to incur an indebtedness in violation thereof.

◼ We therefore conclude that bonded indebtedness or a proportional part of the bonded indebtedness of former Joint Class A School District No. 370 cannot be involuntarily imposed upon the taxpayers of former Common School District No. 61 in the manner attempted. Judgment affirmed. Costs to respondents.

TAYLOR, C. J., SMITH, J., and BECKWITH, D. J., concur.

PORTER, Justice (dissenting).

I cannot concur with the decision of the majority affirming the judgment in this case. I consider the overwhelming weight of authority to be to the contrary. Respondents, in their brief, do not cite a single case in support of their position, decided either in this or a foreign jurisdiction, except the case of Common School Dist. No. 2 of Nez Perce County v. District No. 1 of Nez Perce County, 71 Idaho 192, 227 P.2d 947, which case will be hereinafter discussed.

The cases listed in the majority opinion as tending to support the contention of respondents, after eliminating those admittedly overruled or distinguished, are not directly in point or controlling on the question involved herein. We are here dealing with a legislative plan as set out in the statutes, and duly followed in this case, for the adjustment and assumption of the bonded indebtedness and disposition of the assets of the component parts of the consolidated district. The majority rule is that in the absence of a legislative plan or statutory provision for the adjustment of indebtedness and assets, the consolidated district assumes the bonded indebtedness and receives the assets of its component parts. Annotation 121 A.L.R. 828, par. II a. The cases listed in the majority opinion merely express the minority view that in the absence of legislative expression the consolidated district does not automatically assume the bonded indebtedness or become the owner of the assets of the districts existing prior to consolidation. See Annotation 121 A.L.R. 834, par. II b, where such cases are discussed.

Appellant has called our attention to a considerable number of cases which lend support to its position.

In State ex rel. Consolidated School Dist. No. 8 of Pemiscot County v. Smith, 343

Mo. 288, 121 S.W.2d 160, at pages 161–163, the court stated as follows:

"One of the grounds on which the State Auditor has refused to register these bonds is that the consolidated school district did not, by the consolidation, legally assume and become liable to pay the then-existing bonded indebtedness of the component common school districts for the reason that Section 9356, R.S.Mo.1929, Mo.St.Ann. § 9356, p. 7206 [V.A.M.S. § 165.290], providing for the assumption of such indebtedness by the consolidated district, is unconstitutional and void and violates Section 12 of Article 10 of the Constitution of Missouri, Mo.St. Ann.Const. art. 10, § 12, which prohibits a school district from incurring an indebtedness except with the consent of two-thirds of the voters of the district.

\*    \*    \*    \*    \*    \*

"The question is: Was the consolidated school district, by assuming the debts of the component districts, 'allowed to become indebted' *within the purview of the constitution* and thereby subject to its restrictions? As stated above, it is admitted that the various debts of the various districts (the entire bonded amount sought to be refunded) when first incurred were created by the vote of the people in strict accordance with the provisions of the constitution. Upon the consolidation of these districts, the total debt by the terms of the statute became a charge against the consolidated district. It is important to note that the consolidated district merely assumed the debt; it did not *create* it. Furthermore, it did not become indebted by virtue of any act of its agencies, but succeeded to an old debt by virtue alone of the statute and the voters who chose to consolidate the districts.

\*    \*    \*    \*    \*    \*

"We are irresistably drawn to the conclusion that the constitutional provision about incurring debts applies to the *creation* of *new* debts. Therefore, it does not limit or cause conflict with the statute in question, providing for the assumption of the old debts of the school districts consolidated into one entity."

In Linke v. Board of County Commissioners of Grand County, 129 Colo. 165, 268 P.2d 416, the court was considering the constitutionality of a statute providing that if any taxable realty be annexed to a school district subsequent to the issuance of bonds by such school district, then the annexed realty shall be subject to assessment to pay such bonds. The constitutional provision considered was that no debt or loan in any form shall be contracted by any school district unless proposition to create such debt shall first be submitted to qualified electors and receive a majority vote. The Colorado court, after reviewing many au-

thorities, held that school districts annexed to another school district with outstanding bonded indebtedness were liable for their proportionate share of such bonded indebtedness and that the constitutional provision was not applicable. The court said on page 418 of 268 P.2d:

"The validity of the bonded indebtedness of the Union High School District is admitted. While those property owners in a school district, who are also legal voters therein, are entitled to an opportunity to give or withhold their consent to the incurring of the bonded indebtedness at the election held for that purpose, the constitutional provision above quoted does not give the right to vote on the question of issuance of the bonds to owners of property which subsequently becomes a part of the district issuing the bonds. Stated otherwise, there is no provision of our constitution or statutes requiring that a tax levy, for the purpose of discharging the obligations of a valid bond issue, to be legal, must in all cases be consented to by the owners of the property to be affected. We hold that by the change of the boundaries of Union High School District, no debt was created by loan, or otherwise."

The court further said:

"As a general rule, in the absence of statute or constitutional provision to the contrary, territory annexed to a municipal corporation, or school district, is liable to pay its proportionate share of the existing indebtedness of the corporation to which it is annexed."

In Independent School District No. 1 v. Williamson, Okl., 262 P.2d 701, the court considered the constitutionality of a statute making school districts annexed to another district liable for the outstanding bonds thereof. Under a constitutional provision that bonded indebtedness could only be created by vote of the electors, the Oklahoma court held that such constitutional provision was inapplicable and that the annexed territory was liable for its proportionate share of pre-existing bonds of the annexing district. The court specifically overruled the case of Missouri-Kansas-Texas R. Co. v. Excise Board of Bryan County, 181 Okl. 229, 73 P.2d 173, which holds to the contrary.

In Southern Pac. Co. v. Maricopa County, 59 Ariz. 369, 129 P.2d 312, at pages 313-314, the court stated the question by quoting from Southern Pacific Company v. Pima County, 38 Ariz. 11, 296 P. 533, as follows:

"'* * * Must the property of only those who assented, or had the opportunity to assent, be taken to pay the indebtedness, or may the property of others later brought into the districts

by annexation in the manner provided by law be also taken to pay the indebtedness?

" ' Under the above provisions, the right and opportunity to vote on bond issues of a school district is limited to those legal voters who have property in the district at the time that will be subject to a tax to pay the bonds, and not those whose property is later by lawful methods incorporated into the district.' "

The Arizona court held that annexed school districts were liable for the pre-existing bonded indebtedness of the annexing district and that the constitutional provision requiring bond issues to be submitted to the vote of the qualified electors was not applicable. The court criticized and overruled a statement in Southern Pacific Company v. Pima County, supra, by way of dictum, to the effect that the constitutional provision might be applicable when the annexed territory was an organized school district.

In People ex rel. Thompson v. San Bernardino High School Dist., 62 Cal.App. 67, 216 P. 959, 963, a common school district had been annexed to a high school district. The California constitution provided in substance that no Board of Education or school district should incur any indebtedness or liability exceeding in any year the income and revenue provided for such year without the assent of two-thirds of the qualified electors thereof voting at an election held for that purpose. The court was considering the effect of such constitutional provision upon the question of whether or not the common school district was liable for the payment of any part of the pre-existing indebtedness of the high school district. The court stated the contention as follows:

"In view of the fact that at the time of the annexation of the common school district to the high school district here in question the high school district had outstanding bonds in the sum of $200,-000, it is claimed that, if the annexed common school district should incur any liability for payment of any part of the existing bonded indebtedness of the high school district to which the common school district was annexed, the common school district would thereby incur at the time of such annexation a future liability exceeding its income provided for the current year without an election for that purpose, which liability is forbidden to be incurred by the section of the California Constitution to which reference has been made."

The court held the constitutional provision inapplicable and that the common school district was liable for its proportionate share of the pre-existing indebtedness. The court cited six California cases in support of its conclusion.

In Blake v. Jacks, 18 Idaho 70, 108 P. 534, 27 L.R.A.,N.S., 1147, this court held

that where a county is enlarged by annexing a portion of another county, the annexed portion is liable to pay its proportionate share of the pre-existing indebtedness of the county to which it is annexed. It is true that in this case, Section 3 of Article 8 of the Constitution was not discussed. However, the court quoted with approval from Chicago, St. P., M. & O. Ry. Co. v. Cuming County, 31 Neb. 374, 47 N.W. 1121, as follows, 18 Idaho 70, at page 74, 108 P. 534, at page 536:

"'If the position contended for by the plaintiff should be sustained, then only such property as was within the county when the bonds were voted would be liable for the payment of the same. This, however, is not the law. The voters of a county, when voting bonds, assume a burden, not only for themselves, but for all the property owners in the county; and, in effect, agree that the county shall pay the bonds, with lawful interest thereon. This applies to all taxable property in the county, whether in the county when the bonds were voted, or such as may be brought therein afterwards.'"

The issues in the following cases were generally germane to the issues in the case at bar and such cases lend support to the contentions of appellant: Wheeler School District No. 152 of Grant County v. Hawley, 18 Wash.2d 37, 137 P.2d 1010; Peterson v. Swan, 231 Iowa 745, 2 N.W.2d 70; State ex rel. Board of Education of Van Buren Tp. Rural School Dist. v. Board of Education of Oakwood City School District, 65 Ohio App. 273, 29 N.E.2d 878; Tindall v. Byars, 217 S.C. 1, 59 S.E.2d 337; Nesbitt v. Gettys, 219 S.C. 221, 64 S.E.2d 651; Rapp v. Bethel-Tate Consolidated School District, 58 Ohio App. 126, 16 N.E.2d 224; People ex rel. Moore v. Chicago, B. & Q. R. Co., 414 Ill. 419, 111 N.E.2d 509.

Respondents cite only the case of Common School Dist. No. 2 of Nez Perce County v. District No. 1 of Nez Perce County, supra, in support of their contention. In that case, this court was considering the right of a special charter school district to annex other school districts. The special charter of School District No. 1 of Nez Perce County provided that the annexed territory should be subject to all the benefits, obligations and burdens of the annexing district. The trial court enjoined the holding of an election on the question of annexation. On the appeal to this court the respondent School District No. 2, incidental to its main contention, suggested in its brief that it would be unconstitutional to require School District No. 2 to assume and pay a proportionate share of the outstanding obligations of Independent School District No. 1. No authorities were cited to support such contention and the matter was not argued in the brief. The brief of appellant and the brief of Amicus Curiae did not touch upon the question. This court in commenting on such contention,

said, 71 Idaho 192, at page 197, 227 P.2d 947, at page 949:

"Though not free from doubt, because respondents do not mention the Section, we assume they contend the charter provisions under consideration violate Article 8, Section 3, Const., because this clause—'Thereafter the persons and property in said annexed territory shall be subject to all of the benefits, obligations and burdens of said district,' imposes the existing bonded indebtedness of District No. 1 on the annexed territory. The election provided for in the charter being governed by only a majority, not a two-thirds vote.

"So construed, it would be unconstitutional, People v. Hanford Union High School Dist., 148 Cal. 705, 84 P. 193, * * *."

However, this court overlooked the fact that the Hanford case has been distinguished and limited by the later case of People ex rel. Thompson v. San Bernardino High School District, supra, heretofore discussed in this opinion, where the court said, 216 P. 959, at page 964:

"The case of People v. Hanford Union High School District, 148 Cal. 705, 84 P. 193, was one in which the board of trustees of a common school district, in agreeing that the common school district be annexed to a high school district, as a part of the 'terms'

of annexation, attempted to bind the common school district by an agreement with the trustees of the high school district to pay 'its pro rata of the taxes for the liquidation of interest and bonded indebtedness of said Hanford Union high school district.' No election was held for the purpose of procuring the assent of two-thirds of the electors of the common school district. It was held that the order of annexation made by the board of supervisors was ineffectual for any purpose; but that decision is not 'out of line' with the other decisions of this state for the reason that it appears the incurred indebtedness or liability on the part of the common school district was the result of an agreement between the two boards of trustees, and was not such a debt or a liability as was cast by law upon the school district."

Under our Constitution the Legislature is required to establish and maintain a system of public schools. The Legislature has plenary power, except where limited by the Constitution, to provide for the organization, annexation, consolidation and abolishment of school districts. State ex rel. Consolidated School District No. 8 of Pemiscot County v. Smith, supra. Unless restrained by some provision of the Constitution, the Legislature can prescribe the manner of determining the rights to the property and the assumption of the liabilities and obligations of the former districts.

Independent School District No. 1 v. Williamson, supra.

School District No. 61, since the consolidation, is entitled to its proportionate share of the property of old District No. 370, and now enjoys the benefits and the advantages of the facilities which were owned by the old District No. 370 and which are now a part of the new school district facilities. It would seem unjust to permit District No. 61 to enjoy all the advantages of the consolidation without incurring its share of all the obligations. Linke v. Board of County Commissioners of Grand County, supra.

I am of the opinion that the constitutional prohibition is applicable where a school district by action as a district attempts to create indebtedness without the required election. But that the constitutional prohibition is inapplicable where pre-existing indebtedness is cast by law upon a school district or all or any of the lands therein.

I consider that Section 3, Article 8 of our Constitution is inapplicable in this case and that the territory of Common School District No. 61 is liable for its proportionate share of the obligations and bonded indebtedness of old District No. 370. The decision in Common School Dist. No. 2 of Nez Perce County v. District No. 1 of Nez Perce County, supra, insofar as inconsistent with the views expressed in this dissenting opinion, should be overruled.