**In re Protest of ST. LOUIS-S. F. RY. CO.**

**ST. LOUIS-S. F. RY. CO. v. COMANCHE COUNTY.**

No. 20145. Opinion Filed May 21, 1929.

Cruce & Franklin and E. T. Miller, for protestant.

Edwin Dabney, Atty. Gen., V. P. Crowe, Asst. Atty. Gen., John W. Tyree, Co. Atty., W. T. Dixon, Asst. Co. Atty., and Ray & Thomas, for protestee.

SWINDALL, J. This action comes to this court on appeal from the judgment and decision of the Court of Tax Review of the state of Oklahoma upon the third cause of action stated in the protest of the St. Louis-San Francisco Railway Company, a corporation, involving the 1928 tax levies for Comanche county, state of Oklahoma, and the subdivisions thereof. The decision sustains the levy, and the St. Louis-San Francisco Railway Company, a corporation, protestant, appeals, and will be referred to in this opinion as the railway company.

There are several grounds of protest stated by the railway company, but the only one brought here for consideration is the third cause of action, in which the railway company alleges that 4.94 mills of said levy of 19.94 mills against the property of the railway company for the year 1928, for the benefit of the Lawton school district, is wholly illegal and void, for the reason that it was made for the purpose of creating a sinking fund for the payment of principal and interest on bonded indebtedness of said Lawton school district contracted prior to the annexation of the Fort Sill Military Reservation; that this petitioner had no property of any character subject to taxation or assessment located within the limits which existed prior to the annexation of the said Fort Sill Military Reservation; that by reason thereof, the rate of levy as made and provided by the county excise board is contrary to the provision of section 10469, Compiled Oklahoma Statutes, 1921, and contrary to the laws and the Constitution of the state of Oklahoma, in that it seeks to tax property of this petitioner in a taxing jurisdiction wherein no such property of this petitioner was situated.

This cause was submitted to the Court of Tax Review upon an agreed statement of

facts, which, in so far as it relates to the third cause of action, states:

"That it is agreed that Lawton school district levied a total rate of 19.94 mills, 15 mills of which being for general fund and 4.94 mills being for a sinking fund. It is further agreed that on October 20, 1924, territory comprising the Ft. Sill Military Reservation, within Comanche county, Okla., was annexed to the Lawton school district, and that prior to said annexation the Lawton school district issued bonds in the total amount of $383,074.13, and that same were outstanding at the time of the annexation of the Ft. Sill Military Reservation, and that no bonds have been issued by said Lawton school district subsequent to the annexation of the Ft. Sill Military Reservation; that the 4.94 mills heretofore referred to, as levied for sinking fund purposes, were made for the purpose of paying annual interest coupons and creating annual accruals to meet bonds at maturity. It is further stipulated and agreed that Lawton school district, as heretofore referred to, is an independent district, organized under the laws of the state of Oklahoma."

To sustain its contention, the railway company cites Cheek v. Eye, 96 Okla. 44, 219 Pac. 883; Mitsler v. Eye, 107 Okla. 289, 231 Pac. 1045; Consolidated School District No. 97 v. Sloan, 135 Okla. 29, 273 Pac. 271, and Crawford, Treas., v. Brisley, 131 Okla. 230, 268 Pac. 713.

We have carefully examined these authorities, and cannot agree with counsel for the railway company that they are in point in this case. They all have to do with section 10469, relating to consolidated school districts, and the statutes relating to consolidated school districts specifically provide that the assets of a disorganized district shall be applied to the payment of the floating indebtedness of the district, if any, then to the bonded indebtedness, and any residue to become the property of the consolidated district; and where several districts are consolidated, any one of which disorganized districts had a bonded indebtedness prior to its consolidation, then the territory formerly included in each disorganized district shall be taxed to pay the bonded indebtedness as it existed in the respective disorganized districts prior to the disorganization of the districts, where the assets of the disorganized districts are not sufficient to pay the floating indebtedness and the bonded indebtedness.

However, there is no such provision in the statutes, relative to independent school districts, and the authorities seem to be unanimous in holding that it is for the Legislature to determine in regard to such bonded indebtedness.

In the case of Powers v. the County Commissioners of Wood County, 8 Ohio St. at page 290, it is said:

"The property, if annexed, will be subject to taxation to pay a prior indebtedness of the town of Perrysburg; and it is, therefore, claimed that private property will be thus taken for public purposes without compensation. That injustice may be, and has, sometimes, been done by the annexation of territory to a town, which has contracted an improvident debt, is, no doubt, true; and, sometimes, and perhaps more frequently the owners of contiguous territory have had the benefit, by reflected value and convenience. of expenditures for which they have not contributed anything. The question is one beyond the reach of practical consideration, in the absence of any statute; and it would require a very artificial and unsound mode of reasoning to hold that territory could not be annexed to a town which owed debts, until the owners of such territory were paid a compensation in money for a proportional part of such debts, on the ground that the property annexed was condemned for public use.

"It is not indeed to be presumed that a municipal corporation has contracted a debt without being correspondingly benefited."

In the case of Wade et al. v. City of Richmond. and Thomas v. Same, 18 Grat. (Va.) 583, the Supreme Court of that state said:

"The General Assembly having the authority to extend the boundaries of the city, the justice or expediency of it is not a question of which the courts can take jurisdiction."

"That the taxpayers of the county may have the burthen of taxation increased, or the creditors may have their security lessened by the reduction of the value of the subjects of taxation, or that the inhabitants in the annexed district may be subjected to heavier taxation, does not affect the constitutionality of the act."

Dillon's Municipal Corporations (4th Ed.) vol. 1, par. 185, p. 267, (5th Ed.) vol. 1, par. 355, p. 617, lays down the rule thus:

"Not only may the Legislature originally fix the limits of the corporation. but it may, unless specially restrained in the Constitution, subsequently annex, or authorize the annexation of contiguous or other territory, and this without the consent, and even against the remonstrance. of the majority of the persons residing in the corporation or on the annexed territory. And it is no constitutional objection to the exercise of this power of compulsory annexation

that the property thus brought within the corporate limits will be subject to taxation to discharge a pre-existing municipal indebtedness, since this is a matter which, in the absence of special constitutional restriction, belongs wholly to the Legislature to determine."

In support of the text the learned author cites. numerous decisions of the Supreme Court of the United States and various state courts of last resort sustaining the same.

There is nothing in the record to disclose whether, prior to the time the Fort Sill Military Reservation was annexed to the independent school district of Lawton, Okla., it was ever included within the boundary of any other school district. While there is a well-defined and marked distinction between municipal corporations proper and political or quasi corporations (Hono.d v. Board of County Commissioners et al., 71 Okla. 71, 177 Pac. 71), yet, in the more recent cases, the courts in considering legislative enactments relative to municipal corporations have frequently, in order to give proper force to the legislative intent, held that the term "municipal corporations," as used in such legislative enactments, applies to every kind and character of public corporations which are created by statute or the Consittution of the state and which are dependent for their support and maintenance upon taxes imposed and co'lected. A number of the authorities so holding are cited with approval by this court in the case of Joint School District 132 et al. v. Dabney, Attorney General, 127 Okla. 234, 260 Pac. 486.

This being the trend of the more recent judicial decisions, we feel at least that the same principle should be applied in matters of this character to school districts as applies to municipal corporations, as that term is most common'y used, and that it is for the Legislature to provide 'how the indebtedness of the several sch°ol districts shall be liquidated. And we hold that section 10469, supra, applies only to consolidated school districts, and as to these districts the Legislature has specially provided that the territory of the disorganized districts shall be taxed to pay the bonded indebtedness in force against such district prior to the consolidation when the assets of the disorganized district are insufficient to pay the 'floating and bonded indebtedness, but no such provision is made in regard to independent school districts, and section 10405, C. O. S. 1921, relating to independent districts, provides that such territory shall. after being attached. from the date of such order. be and compose a part of such city for school

purposes only, and the taxable property of such adjacent territory shall be subject to taxation and shall bear its full proportion of all expenses incurred in the erection of school buildings and maintaining the schools of such city.

It is contended by counsel for appellant that some school board might have refused to make a levy to pay the interest on bonds and to create a sinking fund to pay said bonds at the maturity thereof, and thereby bring about a condition whereby annexed territory might be burdened with a large tax to pay off an indebtedness of the former district from which it received no benefit. It is true that such a condition might arise, but it is not contended that such a condition exists in the instant case and that question is not before the court for consideration. As far as the protest and agreed statement of facts, show, it appears that the attached territory will only be required to pay its proportion of the expenses incurred in the erection of the school buildings of the independent district of Lawton, Okla., from the time the territory known as Ft. Si'l Military Reservation was annexed, and that it will also receive its full proportion of the benefits of the property of the independent district. This territory was attached to the independent school district of Lawton. Okla., under section 1, chapter 128, Session Laws, Special Session. 1923-24, which makes no provision relative to the taxation of property in the attached territory for prior bonded indebtedness, and' therefore the general laws relativ to taxation of property in independent school districts applies. After this territory was attached. section 1 of chapter 128. Sess. Laws, Special Session 1923-24. was amended by chapter 60, Sess. Laws 1927. which provides that where a military reservation was. prior to being attached to an independent school district. a part of a rural school district, the rural school districts receiving the taxes levied against the railroad companies and other corporations, and their franchises and property on such reservation shall continue to receive such taxes. but this act does not apply to the case under consideration for the reason that the agreed statement of facts shows that the Ft. Sill Military Reservation was attached to the independent school district of Lawton prior to this amendment.

For the reasons herein expressed we hold that the property of the railway company was legally subject to taxation in the independent school district of Lawton to raise its proportionate part of the revenue neces-

sary to pay the legal bonded indebtedness of said district, where the bonds were voted and in force and the indebtedness created prior to the time the territory in which said property of the railway company was attached to the independent school district of Lawton, Okla. This being the holding of the Court of Tax Review, we are of the opinion that the same is correct and should be affirmed, and it is so ordered.

LESTER, V. C. J., and HUNT, CLARK, HEFNER, CULLISON, and ANDREWS, JJ., concur.

MASON, C. J., absent.

RILEY. J., not participating.