## ST. LOUIS-S. F. RY. CO. v. BONAPARTE, Co. Treas.

No. 19913.    Opinion Filed March 25, 1930.

E. T. Miller and Cruce & Franklin, for protestant.

Geo. M. Callihan, Co. Atty., I. L. Harris, Asst. Co. Atty., and M. W. McKenzie, Municipal Counselor, for protestee.

ANDREWS, J. This appeal involves the judgment of the district court of Oklahoma county upon certain items of protest filed by the plaintiff in error, as plaintiff in that court, against certain tax levies for the fiscal year commencing July 1, 1927. The protests were sustained in part and denied in part, and both plaintiff and defendant appealed to this court.

The second count of the first cause of action questioned a levy of a .25 mills for the Oklahoma county highway fund on the theory that the balance on hand and income from other sources was in excess of the estimated needs for the county highway fund. The defendant contends that that levy was necessary in order that the county might receive from the State Treasurer the proceeds

of the one-fourth mill state levy provided for in section 10204, C. O. S. 1921.

The trial court rendered judgment in favor of the plaintiff thereon. That contention was made and determined by this court in Re Protest of Murray, 140 Okla. 240, 285 Pac. 80, adversely to the defendant.

The judgment of the trial court on that cause of action is affirmed.

The ninth cause of action questioned the levy of Oklahoma City for its sinking fund on the theory that section 4507, C. O. S. 1921, requires an application of the excess in revenue derived by the city from the operation of its waterworks system in such a manner as to reduce the needs for sinking fund purposes for the retirement of the bonds issued for the construction and repair of the waterworks system.

The plaintiff in error, in its brief, stated that this issue is directly involved in St. L.-S. F. Ry. Co. v. Andrews, 137 Okla. 222, 278 Pac. 617, Pitts v. Allen, 138 Okla. 295, 281 Pac. 126, and Perrine v. Bonaparte, 140 Okla. 165, 282 Pac. 332. Those cases have been decided adversely to the contention of the plaintiff in error since the filing of the briefs in this cause.

The trial court rendered judgment on that cause of action in favor of the defendant, and on the authority of those cases, that judgment is affirmed.

The eleventh cause of action questioned the levy for the sinking fund of consolidated school district No. 4, Oklahoma county, and the basis thereof was that indebtedness in the amount of $20,000, evidenced by bonds, was contracted in 1917 by that district; that that indebtedness remained unpaid in the year 1927; that during the fiscal year commencing July 1, 1927, the territory comprising school district No. 34 was annexed to consolidated school district No. 4; that the plaintiff had no property in consolidated school district No. 4 prior to the annexation by it of the territory comprising school district No. 34, and that all of its property which is now situated in consolidated school district No. 4 was, prior to the annexation of the territory comprising school district No. 34, in school district No. 34.

It was and is the contention of the plaintiff that upon the annexation by consolidated school district No. 4 of the territory comprising school district No. 34, the bonded indebtedness at that time of consolidated school district No. 4 remained a charge against the territory that comprised consolidated school district No. 4 prior to that time, and that the territory which theretofore comprised school district No. 34 did not become subject to an ad valorem tax for the purpose of paying the interest on or creating a sinking fund to pay the principal of the bonded indebtedness aforesaid.

There is no dispute as to the facts.

The plaintiff contends that section 10469, C. O. S. 1921, governs. Defendant contends that section 10405, C. O. S. 1921, governs. The defendant says:

"Was the annexation of school district No. 34 to independent school district No. 4 under the provisions of section 10469, C. O. S. 1921, or under the provisions of section 10405, C. O. S. 1921?"

It will be noted at the outset that there is no such thing as "independent school district No. 4." If the district in question was "independent" by reason of it having as a part of its territory a town, the title would be "Board of Education of the Town - of ————." Its adopted name is "Consolidated School District No. 4." It may have been organized by the consolidation of two or more common school districts, or one or more of them may have been an independent school district prior to their consolidation, but when they were consolidated there was created a consolidated school district with all the rights, privileges, and obligations of a consolidated school district, and the school districts theretofore existing ceased to exist.

Consolidated school district No. 4 might have had attached to it adjacent territory.

" * * * All or a part of any district adjacent to a consolidated district shall be attached to and become a part of such consolidated district upon petition to the county superintendent signed by a majority of the legal voters of such territory desiring to be attached and by the board of directors of such consolidated district." Section 10462, C. O. S. 1921.

The record does not show the procedure followed in attaching school district No. 34, but this court will assume that the statutory procedure was followed. This record shows that school district No. 34 was attached to consolidated school district No. 4, which could be done under the provisions of section 10462, supra. Had school district No. 34 been attached to "the board of education of the town of Choctaw, state of Oklahoma," it might have been done under the provisions of section 10405, which is substantially the same procedure. That was not done. If consolidated school district No. 4 was "independent" within the meaning of section 10405, supra, it would not only have a dif-

ferent name, but would have a board consisting of a member from each ward and one from the "outlying territory," and many other things materially different from a consolidated district. A school district cannot be "independent" for the purpose of levying a tax and "consolidated" for every other purpose.

Section 10469, supra, provides that if any school district uniting to form a consolidated district shall have, at the time of its disorganization, a legally bonded indebtedness, such indebtedness shall attach to and become a charge against the territory comprised in such disorganized district at the time of disorganization; that it shall be the duty of the county excise board of the county in which such territory is located to cause annually to be levied upon the property, real and personal, in such disorganized territory, a tax sufficient to meet the interest and provide a sinking fund for the payment of such indebtedness; that the assets and property of the disorganized district shall be applied in payment of its floating indebtedness, if any, and then its bonded indebtedness, and that the residue, if any, shall belong to the consolidated district.

Under that section, if school district No. 34 had had a bonded indebtedness, the property, real and personal, in that district, would have remained liable for the payment thereof, and the property comprising consolidated district No. 4 prior to the disorganization of school district No. 34 would not have been liable for the payment thereof. School district No. 34 had no bonded indebtedness. Defendant contends that, although the territory that comprised consolidated school district No. 4 prior to the annexation of the territory that comprised school district No. 34 would not have become liable for the payment of bonded indebtedness of school district No. 34, in whole or in part, the property comprising school district No 34 prior to its disorganization would, upon its annexation to consolidated school district No. 4, become liable for its proportionate part of the bonded indebtedness of consolidated school district No. 4. We cannot so hold, for two reasons.

Section 26, art. 10, of the Constitution is a limitation on the power of a school district to become indebted, without a vote of the people of the school district, and three-fifths of those voting at an election is required to authorize the incurring of such indebtedness.

School district No. 34 had no bonded indebtedness. The vote of three-fifths of the qualified electors thereof voting at an election held for that purpose was necessary before such an indebtedness could be incurred. That is a constitutional limitation (section 26, art. 10, Constitution), and is for the protection of a property owner. A petition of a majority of the voters is sufficient to attach the territory comprising the district to the consolidated district. If the territory comprising school district No. 34 prior to its disorganization became liable for any portion of the existing bonded indebtedness of consolidated school district No. 4, it did so in direct violation of the limitation contained in section 26, art. 10, supra. This cannot be done even though the Legislature should so provide, and the Legislature has not so provided.

There is no statute providing that the territory comprising a school district prior to its disorganization shall become liable for any portion of the bonded indebtedness of a school district with which it is consolidated, and in the absence of a statute the excise board and the school district officers are without authority to impose such a tax.

There is nothing in section 10405, supra, that sustains the contention of defendant. That section applies only to independent school districts organized and operating as such, and has no application to consolidated school districts that, by virtue of compliance with certain requirements, are rated as independent school districts.

If two common school districts form a union graded district, the tax levies necessary to pay previously incurred bonded indebtedness are made upon the property that comprised the district that incurred the bonded indebtedness, and for that purpose that portion of the union graded school district constitutes a separate taxing jurisdiction. Section 10483, C. O. S. 1921. If two common school districts form a consolidated district, the levies for that purpose are made in the same manner. Section 10469, supra. If two independent districts form a united district, the levies for that purpose are made in the same manner. Section 10459, C. O. S. 1921. The same rule applies to the merger of a common school district with a consolidated district. The fact that the consolidated district is at the time an independent district does not change the rule.

There is nothing in Common School District No. 49 v. Wolfe, Co. Supt., 94 Okla. 87, 221 Pac. 42, dealing with liability for, or imposing of, taxes. That decision is not an authority on the question in issue here.

The trial court rendered a judgment in favor of the defendant. That judgment is reversed, and the cause is remanded, with directions to render judgment for the plaintiff on the eleventh cause of action.

MASON, C. J., and HUNT, CLARK, RILEY, CULLISON, and SWINDALL, JJ., concur. LESTER, V. C. J., and HEFNER, J., absent.