## PROTEST OF ST. LOUIS-S. F. RY. CO.

No. 23845. Opinion Filed July 5, 1933.

E. T. Miller and Cruce & Franklin, for plaintiff in error.

James W. Irwin, for defendant in error.

RILEY, C. J. Plaintiff in error protested the tax levy made by the excise board of Okmulgee county for the benefit of the sinking fund of independent school district No. 2, of said county, for the fiscal year ending June 30, 1932. Independent school district No. 2 is composed of the city of Henryetta and adjacent territory. Some two years before the levy here in questioned was made, the entire common school district No. 33, lying contiguous to the city district, was annexed to said city district. At that time the city school district had outstanding some $335,000 bonded indebtedness. In making the levy for the sinking fund, the excise board took into consideration only the assessed value of the property included within the city district prior to the annexation of the territory formerly comprising common school district No. 2, excluding entirely the value of the property lying within the territory of the common school district theretofore annexed. The result was to make the levy for the sinking fund 7/10 of a mill more than it would have been had the assessed valuation of the entire district as then composed been considered. The protest was upon this ground.

The Court of Tax Review denied the protest upon two grounds stated in the journal entry of judgment: First. That section 10405, C. O. S. 1921, does not apply to a case where an entire school district is annexed and does not make such annexed school district liable for prior incurred indebtedness of the independent school district; and second, for the reason that if such statute does attempt to make such annexed school district and the territory therein liable for such indebtedness, such statute is unconstitutional because in violation of section 26, art. 10, of the Oklahoma Constitution.

From this judgment protestant appeals.

The first reason given for the denial of the protest is untenable. It has been expressly held by this court that section 10405, supra, does apply to the annexation of an entire school district to an independent school district composed of the city and outlying territory, and in fact is the only section under which such annexation may be made. Common School Dist. No. 49 v. Wolfe County Supt., 94 Okla. 87, 221 P. 42.

The second reason for denying the protest is equally untenable.

In St. L. & S. F. Ry. Co. v. Excise Board of Comanche County, 136 Okla. 265, 277 P. 932, it is held:

"The Legislature may originally fix the limits of an independent or other school district and may, unless specially restrained in the Constitution, subsequently annex or authorize the annexation of contiguous territory to such school district, and provide for the payment of the prior indebtedness existing against said district as well as the maintenance thereof."

And:

"All property subject to taxation, in territory legally annexed to an independent school district, in the manner authorized and provided for by law, is subject to taxation to pay its full proportion of all legal bonded indebtedness existing against said district at the time such territory is annexed, unless the Legislature shall otherwise provide, and also its proportionate part of the expense of maintaining said district after said territory is annexed."

Authorities are cited in said case fully supporting such legislation, and it is unnecessary to review the same. Section 10405, C. O. S. 1921, under which it was held in the Wolfe Case, supra, that an entire common school district may be annexed to an independent school district composed of a city or town and adjacent territory, provides, in part:

"* * * Such territory shall, after being attached from the date of such order, be and compose a part of such city for school purposes only, and the taxable property of such adjacent territory shall be subject to taxation and shall bear its full proportion of all expenses incurred in the erection of school building and maintaining the schools of such city. * * *"

It will thus be seen that the Legislature has by said act provided for the annexation and has provided that such annexed territory shall be subject to taxation for its full proportion of all expenses in the erection of a school building, the maintenance

of schools in such city, and this court has held that the statute applies to all legal bonded indebtedness existing against said district at the time such territory is annexed, unless the Legislature shall otherwise provide. The Legislature has not provided otherwise. Neither is the Legislature specifically restrained from making such provisions.

It is suggested that this court in St. L. & S. F. Ry. Co. v. Bonaparte, 142 Okla. 177, 286 P. 343, has held that such a statute is unconstitutional as being in violation of section 26, art. 10, of the Constitution. Therein the court had under consideration the annexation of a common school district to a consolidated district under the provisions of section 10462, C. O. S. 1921. In such case the Legislature has not provided that such annexed territory shall become taxable for its proportion of the existing bonded indebtedness of the consolidated school district. It is true that it is said, in effect, in that case that if the common school district prior to its disorganization did become liable for any portion of the existing bonded indebtedness of the consolidated district, it did so in direct violation of the limitations contained in section 26, art. 10, Constitution. This was doubtless said in view of the provisions of section 10469, C. O. S. 1921, which, in effect, continues the territory comprising the common school district prior to its annexation to a consolidated district as a separate taxing unit for the purpose of paying its own bonded indebtedness. There is no such statutory provision with reference to annexation of a common school district to an independent district composed of a city and adjacent territory as provided in section 10409, supra.

The protest should have been sustained. The judgment of the Court of Tax Review is reversed.

(The time for filing petition for rehearing herein is limited to ten days.)

CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. ANDREWS, J., absent.