## PROTEST OF MISSOURI-KANSAS-TEXAS R. CO.

## MISSOURI-KANSAS-TEXAS R. CO. v. EXCISE BOARD OF BRYAN COUNTY.

No. 27942.  Oct. 26, 1937.

Rehearing Denied Nov. 16, 1937.

M. D. Green and John E. M. Taylor, for plaintiff in error.

Ben Carter, County Atty., for defendant in error.

C. H. Rosenstein, amicus curiae.

GIBSON, J.  This is an appeal from a judgment of the Court of Tax Review which denied the railroad's protest as to certain sinking fund tax levies of independent school district No. 48, and former school districts No. 49 annexed to the independent district and No. 52 annexed in part to the independent district and in part to common school district No. 66, all in Bryan county.  There is no contention as to the regularity of the annexation proceedings.

Defendant in error states: "The sole question in this case is: Did independent school district No. 48 (Calera) by the annexation thereto of former school districts No. 49 and No. 52, as a matter of law, assume and become liable for the existing bonded indebtedness of the annexed districts contracted prior to said annexation?" Other minor questions depend on the answer to this question.

The plaintiff in error contends that such independent district did not become so liable, since there was no vote of the people of the independent district as provided by section 26 of article 10 of the Constitution, and the sinking fund obligations of the annexed districts plus the current needs would exceed the income and revenue provided for the year.  In this connection it further contends that no obligations extending into the future could be contracted without a vote of the electors as required by the constitutional provision.

The argument on the question by defendant in error is that under the general rule an annexing district becomes entitled to all the property and rights of the old district and liable for all its existing debts and obligations, and that, since the current sinking fund obligations in any one year do not exceed the income and revenue provided for that year, the Constitution is not violated.  Both parties cite Protest of St. Louis-San Francisco Ry. Co., 164 Okla. 229, 23 P. (2d) 699, St. Louis-San Francisco Ry. Co. v. Bonaparte, 142 Okla. 177, 286 P. 343, and St. Louis-San Francisco Ry. Co. v. Comanche County, 136 Okla. 265, 277 P. 932.

The general rule is conceded by both parties to be as stated in 56 C. J., section

113, pp. 271-272, that when the territory of one district is annexed to another district the annexing district is entitled to all the property and rights of the annexed district or territory and liable for all its existing debts 'and obligations. But in the cases where this rule has been applied, it does not appear that any constitutional question was involved, such as is invoked here.

In the cases of Protest of St. Louis-San Francisco Ry. Co., 164 Okla. 229, 23 P. (2d) 699, supra, and St. Louis-San Francisco Ry. Co. v. Comanche County, 136 Okla. 265, 277 P. 932, supra, this court holds that all property subject to taxation legally annexed to an independent school district is subject to taxation to pay its full proportion of all legal bonded indebtedness of that district. The statute so provides and there is no reason why such should not be the correct rule. The electors of the territory annexed petition for the annexation; a right of appeal is given, so that if no appeal is taken, every person owning property included in the annexed area may be said to acquiesce in the annexation and thereby agree to the statutory provision subjecting his property to taxation in the independent district. Furthermore, the new territory is not annexed in its corporate capacity, if it has such, but is annexed merely as so much area. The situation as to each taxpayer in this annexed area, therefore, is merely that so much of his property with his consent or acquiescence has been moved into the independent district, for whose taxes his property becomes liable somewhat for the same reason that a building constructed on a vacant lot in the district or personal property brought into the district becomes liable for taxes in the district because it has become a part of the property therein.

The constitutional provision is directed against the school districts and political subdivisions as such, to prevent their levying or assessing taxes against their inhabitants without their consent, but does not prohibit individual taxpayers from assuming such burdens as they voluntarily desire to assume.

But a different situation is presented by the attempt to have the independent district assume the debts of the annexed territory. None of its property becomes a part of the school district in which the 'annexed terri-

tory formerly lay; it has in no way changed its corporate identity. The officials of this district can only levy taxes against the property in this district in the manner and form provided by law. They must find in the Constitution or the statutes distinct authority for their acts. Prince v. St. Louis & S. F. Ry. Co., 110 Okla. 141, 237 P. 106; In re Assessment of Alleged Omitted Property of Kennedy, 177 Okla. 74, 58 P. (2d) 134.

The statutes do not provide that the board of the independent district may levy a tax against all of the property in the district, both old and new, for the debts of the annexed territory. Without such legislative sanction no such authority exists. Nor can we look to any general rule that would contravene our constitutional provisions.

Under section 26 of article 10 of the Constitution, a school district which, as such, assumes a bonded indebtedness running beyond the year can do so only by complying with the provisions of the Constitution, i. e., by a vote of the electors. St. Louis-S. F. Ry. Co. v. Bonaparte, 142 Okla. 177, 286 P. 343; Protest of St. Louis-San Francisco Ry. Co., 164 Okla. 229, 23 P. (2d) 699.

The Legislature recognized this prohibition of the Constitution in the act relating to consolidated districts when it specifically provided that the disorganized territory should remain liable for its obligations. Also, in the act relating to annexation of territory to an independent district, the Legislature provided for the taxation of the annexed territory for the regular obligations of the independent district, but did not provide that the independent district should assume the indebtedness of the annexed territory, doubtless because the Constitution prohibited such a provision. Section 6860, O. S. 1931. In the absence of such legislation the annexed territory remains liable for its proportion of the debts contracted by the district to which it formerly belonged, and the other property in the independent district cannot be charged with the liability.

The contention that the constitutional limitation is not infringed because the particular portion of the debt to be levied for during the one year may not exceed the income and revenue provided is not tenable. We do not understand counsel to assert that the independent district is liable for only

one year's requirement for the obligations and no further; it can be liable for one year only because it has become liable for the whole which extends into succeeding years. In such case the fact that in any one year the income and revenue provided might be sufficient affords no relief, for the Constitution 'aims as well against pledging future revenues, and does not permit the assumption in one year of obligations to be paid out of succeeding years' revenue even if such might otherwise be sufficient, unless the people vote thereon as required by the Constitution. See O'Neil Engineering Co. v. Town of Ryan, 32 Okla. 738, 124 P. 19; Flood v. Town of Shidler, 127 Okla. 148, 260 P. 52; Cobb v. City of Norman, 179 Okla. 126. 64 P. (2d) 901, and cases cited therein.

It follows that the excise board was unauthorized to make the sinking fund levy for the bonds of the annexed district against any property except that located in the 'areas theretofore comprising the school district from which the annexation occurred. It likewise follows that all the property located in the territory previously composing districts Nos. 49 and 52 was subject to levy for the bonded indebtedness incurred prior to the annexation, and the rate of levy for such indebtedness should be based on the entire assessed valuation of such territory.

It further follows that the assets, consisting of cash surplus and taxes of prior years in process of collection, should first be used to extinguish the obligations of the districts to which they originally belonged and thereby reduce the levies required to be made for those districts.

We will not attempt to make the necessary computation, but reverse the case and remand it to the Court of Tax Review, with directions to allow the protest in such amounts as may be proper under the rules as herein announced.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, and CORN, JJ., concur. HURST and DAVISON, JJ., dissent. PHELPS, J., absent.