**PROTEST OF ST. LOUIS-S. F. R. CO. et al.**

No. 28433.   April 26, 1938.

Cruce, Satterfield & Grigsby, for plaintiffs in error.

M. W. Gross, Co. Atty., for defendant in error.

GIBSON, J.   Two protested tax items are involved in this appeal by a taxpayer from adverse decisions of the Court of Tax Review.

The first involves a levy for the general fund of the city of Hugo; the second a levy for the general fund of school district No. 32 of Choctaw county.

The city of Hugo requested appropriations originally for much more than it could receive by the tax levy allocated to it by the excise board. The excise board cut the appropriations to $30,712.32, which the city accepted. The financial statement and estimate show estimated income available of $31,208 from sources other than ad valorem taxes and an estimated surplus of taxes in process of collection of $261.80, so that income from all sources other than current taxes is fixed at $31,469.80, which is in excess of the appropriations. Ten per cent. was added to the appropriations as a reserve for delinquent taxes. The addition of this 10 per cent. brought the total amount to be provided for to $33,783.55, necessitating a tax levy of 1.5 mills.

Since there was a definite amount of receipts from sources other than current ad valorem taxes fixed upon and appropriated in excess of the appropriations for the needs of the city, it is apparent that the levy was unnecessary to meet the approved appropriations for needs. El Reno Wholesale Grocery Co. v. Taylor, 87 Okla. 140, 209 P. 749; Hines v. Dalton, 90 Okla. 239, 217 P. 168; In re Monsell, 142 Okla. 130, 285 P. 836; St. Louis-S. F. Ry. Co. v. Bonaparte, 142 Okla 177, 286 P. 343.

We are cited to no authority holding to

the contrary view. The protest as to this item should have been sustained.

The second item of protest is based upon the fact that the estimate for teachers' salaries was in excess of the amount as shown by the various written contracts entered into with teachers at the time of filing the estimate. It is urged that at the time of trial no new contracts had been made.

Under section 6814, O. S. 1931, 70 Okla. St. Ann. sec. 117, school boards are prohibited from paying money to any teacher except according to an approved contract. We find nothing, however, that requires contracts with teachers to be made before the budgets are made up. The needs for teachers' salaries are matters with the school board. It must be presumed that it has considered the number of teachers, the amount to be paid each and the length of their tenure, and has fixed the amount at what will be needed. It may be, as sometimes happens, that it has been unable to find one or more suitable teachers before completing the estimate, although it may be essential to fill such vacancy before school begins. Or it may be it contemplates sums for substitute teachers or additional teachers for the last part of the school year. Contracts with such teachers would not be outstanding. The case of Excise Board v. School District, 156 Okla. 261, 10 P.2d 643, is controlling. There we said:

"We know of no statute authorizing the excise board to determine the number of teachers that may be employed by a school district. That question is for the determination of the school district, and the excise board may not usurp that function of the school district by refusing to approve an estimate therefor."

In the absence of a statute requiring the school district to make all contracts with teachers prior to submission of its estimate, we cannot agree that the board's estimate of the amount necessary for teachers' salaries is overturned merely by the fact that such estimate does not coincide with the aggregate of the contracts then outstanding.

The protest as to this item was properly denied.

It is accordingly held that the decision of the Court of Tax Review as to the tax levy for the city of Hugo is reversed, and judgment is entered for protestant, and that the decision in favor of the school district is affirmed.

BAYLESS, V. C. J., and RILEY, PHELPS, CORN, and HURST, JJ., concur. OSBORN,

C. J., and WELCH and DAVISON, JJ., absent.