## LOWDEN et al. v. EXCISE BOARD OF TEXAS COUNTY.

No. 29088.   May 23, 1939.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for plaintiffs in error.

George M. Frittz, County Atty., for defendant in error.

GIBSON, J. This is an appeal from a

judgment of the Court of Tax Review denying plaintiffs in error's protest of a portion of the levy made by the excise board of Texas county for the sinking fund of independent school district No. 61.

The controversy arose as a result of recent annexation of territory to said district. The sinking fund levy was not extended to this new territory, but was confined to the original area embraced in the district, thus burdening the latter with a levy in excess of the millage that would have been necessary had the levy been extended to the valuation of the new territory.

The excise board in excluding the annexed territory acted pursuant to an order of the county superintendent directing that the annexation be made without obligation on the part of the annexed territory for the present indebtedness of the independent district. The order of the county superintendent was allegedly promulgated and issued under authority of that portion of article 9, chapter 34, S. L. 1936-1937, amending section 6860, O. S. 1931, which reads as follows:

"Territory annexed to an independent school district under the provisions of this section shall assume only such portion of the bonded indebtedness existing in said independent district at the time the territory is annexed, as the county superintendent may approve and certify to the county clerk and county treasurer and as may be determined to be a proper proportion thereof under any proposal submitted by the school district board of the district to which territory is to be annexed."

The legality of the annexation is not in dispute here.

Protestants say the judgment of the Court of Tax Review sustaining the alleged excessive levy is contrary to law in that the aforesaid order of the county superintendent upon which said judgment was predicated was illegal and void. It is here urged that the above-quoted portion of the statute constitutes an unauthorized delegation of legislative power in violation of article 4 of the Constitution, and, as a general law, will fail of uniform application throughout the state in violation of section 59, article 5, of the Constitution.

It is urged that in striking down the aforesaid amendment as unconstitutional the original provisions of section 6860 will remain in force, and that by virtue of said section the annexed territory was subject to the levy for sinking fund purposes. Protest of St. Louis-S. F. Ry. Co., 164 Okla. 229, 23 P.2d 699.

This contention is correct. If the amendment cannot stand, the annexed territory was subject to the levy in question and the Court of Tax Review should have sustained the protest. The correctness of the millage under protest is not questioned. In the last-cited case we held as follows:

"All property subject to taxation legally annexed to an independent school district under the provisions of section 10405, C. O. S. 1921, is subject to taxation to pay its full proportion of all legal bonded indebtedness existing against said district at the time such territory is annexed. Common School Dist. No. 49 v. Wolfe, 94 Okla. 87, 221 P. 42."

Section 10405 therein mentioned is the same as section 6860, above, prior to the aforesaid amendment. See, also, Missouri-Kansas-Texas R. Co. v. Excise Board, 181 Okla. 229, 73 P.2d 173.

The question here is one pertaining entirely to ad valorem taxation and therefore of legislative concern. The Legislature, acting pursuant to the Constitution, establishes a uniform system of ad valorem taxation, including the methods of levying and collecting such taxes. These powers are not to be delegated to administrative agencies, but it may confer upon such agencies the power to place the system in operation. The protestants say the Legislature has gone beyond that point in the instant case.

But, as we view the matter, the amendment constitutes an attempt, not to delegate legislative powers, but to confer upon ministerial officers a function of sovereignty which the Legislature itself did not possess. It would authorize the county superintendent in conjunction with the school board of the independent district to inaugurate a system of unequal ad valorem taxation to the point of exempting a portion of the tangible property of a tax district from levy and assessment for a purpose common to all the taxable property of the district. The property in question, the annexed territory, is not within those classes designated as exempt from taxation (section 6, art. 10, Const.), but is subject to general ad valorem assessment (section 8, art. 10, Const.). It falls within a common class and must be uniformly taxed for the purposes common to the entire district.

When new territory is added to an independent district, it must be uniformly taxed for the purpose of retiring the existing indebtedness in such district. There

is nothing in the Constitution that would authorize a different course; there is no authority for exempting it from the burdens out of which its advantages are to grow. No other conclusion would satisfy the uniform taxation clause of the Constitution. The Legislature cannot waive or authorize the waiver of that requirement. Neither can it confer the power to contract it away.

The judgment of the Court of Tax Review is reversed and the protest is sustained.

The time within which petition for rehearing may be filed is limited to five days.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, CORN, and DANNER, JJ., concur. HURST and DAVISON, JJ., concur specially.

HURST, J. (specially concurring). I agree with the result announced in the opinion of the majority that the portion of the act complained of is unconstitutional, but I think it is invalid as an improper delegation of legislative power, and not because it authorizes an exemption from taxation. I cannot agree that the Legislature, by a properly framed act, could not itself have done that which was attempted by the act in question.

I see nothing in the act which violates the constitutional requirement of uniformity in taxation or which creates an exemption from taxation. It is elementary that the Legislature may create different taxing districts throughout the state for different purposes, and the requirement of uniformity is met provided there is uniformity within the particular district, and provided the purpose to be accomplished by the tax pertains to the district taxed. 61 C. J. 133, sec. 65; 26 R. C. L. 247, sec. 220. The creation of such districts does not relate to exemptions from taxation. No one would contend that because a greater tax burden is imposed on the inhabitants of one taxing district than is imposed on the inhabitants of another district, the latter is thereby partially exempt from taxation. Such is the case where territory is attached to a consolidated district. A school district is a taxing district and under section 26, art. 10, of our Constitution, it may incur indebtedness and levy taxes to retire same. Where one school district is annexed to a consolidated school district, it is provided by statute (section 6924, O. S. 1931) that the annexed territory shall remain liable for its own prior indebtedness. Thus, such territory is a

separate taxing district within the consolidated school district for such purpose. St. Louis-San Francisco Ry. Co. v. Bonaparte (1930) 142 Okla. 177, 286 P. 343. Clearly, then, in such cases, as long as the tax is uniform in each taxing district within the consolidated school district, there is no exemption from taxation or lack of uniformity.

How is that different from this case? There the Legislature itself has in effect created a taxing district for the purpose of retiring prior bonded indebtedness. Here the Legislature has attempted to do the same thing through a subordinate agent, the county superintendent. It has delegated to the county superintendent authority to apportion the indebtedness between the territory attached to the independent district and the territory comprising such independent district prior to the annexation. This is accomplished by retaining the identity of the attached territory as a distinct taxing district within the newly formed independent district and determining what its burden of taxation shall be. In this case the county superintendent has said, in effect, pursuant to authority given by statute, that the territory attached shall remain a separate taxing district, and as such he has refused to impose upon it the burden of taxation imposed upon its neighboring taxing district—the old independent district—for the purpose of retiring the indebtedness of the old independent district. In so doing there is no lack of uniformity as required by the Constitution, nor has there been an exemption from taxation of the property of the taxing district which is composed of the attached territory.

I think, however, the Legislature has improperly delegated its authority to the county superintendent to do this. The act provides that the attached territory shall assume such proportion of the indebtedness as the county superintendent may "approve," and "as may be determined to be a proper proportion thereof under any proposal submitted" by the board of the independent school district. It will be seen that there is no guide or standard fixed by which the county superintendent shall determine what proportion of the indebtedness shall be assumed in connection with the purpose to be accomplished by the tax. That purpose is to retire an indebtedness for school purposes by those receiving the benefit thereof. Thus, the attached territory should be taxed to pay for buildings and property in the independent district from which its inhabitants re-

146

ceive a benefit, but should not be required to pay the debts of the independent district incurred for improvements from which the inhabitants of the attached territory receive no benefit. The Legislature should fix a guide or standard designating this purpose under which the county superintendent could act in apportioning the indebtedness. I do not think the Legislature itself is powerless to do this under a properly framed law.

But it is said in the majority opinion that when territory is attached to an independent district, the newly formed independent school district is the taxing district, and a different rule of taxation therein violates the uniformity requirement or may constitute an exemption from taxation. Where the Legislature has not said that the attached territory shall be a distinct taxing district within the newly formed independent school district, this view would be correct. Such was the situation prior to the time this court promulgated the opinion in Missouri, Kansas & Texas R. Co. v. Excise Board of Bryan County (1937) 181 Okla. 229, 73 P.2d 173. See St. Louis-S. F. Ry. Co. v. Comanche County (1929) 136 Okla. 265, 277 P. 932, and Protest of St. Louis-S. F. Ry. Co. (1933) 164 Okla. 229, 23 P.2d 699, where it was held that territory attached to an independent school district assumes the indebtedness of the independent district upon annexation. But in the Bryan County Case, by a divided court, it was held that the territory comprising the old independent district did not assume the prior indebtedness of the attached territory upon annexation. If the newly formed independent school district is the taxing district, is not the property of the old independent school district exempt from taxation when it does not assume the prior indebtedness of the attached territory, just as it is said in this case that the property of the attached district is exempt by not assuming the indebtedness of the independent district? In the Bryan County Case, the court has done what is said here that the Legislature cannot do. I have never been able to subscribe to the views of the Bryan County Case, for I think that case does violate the requirement of uniformity of taxation in a single taxing district. But here the Legislature has attempted to correct that situation. I think it has the power, if properly exercised, to do so.

DAVISON, J. (specially concurring). I am inclined to agree with the result announced in the majority opinion and with the declaration that the portion of the legislative act complained of is unconstitutional. However, I cannot agree with that part of the opinion holding, in effect, that the Legislature, itself, by reason of constitutional inhibitions, could not have done that which was in this case attempted by the administrative official.

The administrative official, in effect, attempted to preserve the identity of the old or former school district for the purpose of paying, by two levies for sinking fund purposes, its pre-existing bonded indebtedness. In my judgment, this could be accomplished by a properly framed legislative act without offense to constitutional inhibitions.

I, therefore, concur in the conclusion.