TEXAS-EMPIRE PIPE LINE CO. et al. v. TULSA COUNTY, EXCISE BOARD.

No. 29210.    Oct. 17, 1939.

Rehearing Denied July 16, 1940.

*104 P. 2d 441.*

Mastin Geschwind, of Oklahoma City, for plaintiff in error.

Dixie Gilmer, County Atty., John F. Conway, Asst. County Atty., and Rosenstein & Rinehart, all of Tulsa, for defendant in error.

WELCH, V. C. J.    The Court of Tax Review dismissed the protest for lack of jurisdiction, protestants appeal.

The petition in error set out four grounds of protest, numbered 19, 20, 21, and 22; all grounds are for the same reason, therefore, we will treat them as one.

The protestant contends that the Court of Tax Review erred when it dismissed all four grounds for lack of jurisdiction, his protest being in substance that the rate of lexy fixed by excise board to pay obligations of four separate school districts which had been annexed to another district, said obligations having been incurred before the annexation, were illegal. Protestants' reasons, therefore, being that the certificates of assessed valuation and the procedure followed by the excise board in arriving at the valuation were unlawful, and that the obligations originally incurred by said disorganized school districts had become finally fixed as charges against all property in the independent district of which they became a part by the annexation.

Prior to July 1, 1938, dependent school district No. 4, independent school district No. 12, independent school district No. 28, and consolidated school district No. 1 had been annexed to independent school district No. 22 of Tulsa county. On July 1, 1938, each of the

above-annexed districts still had outstanding unpaid bonded debts, which were incurred prior to their annexation.

Prior to July 1, 1938, the outstanding bonded indebtedness of these annexed districts had been added to and considered a part of the sinking fund obligations of independent school district No. 22, as enlarged after the annexation.

The excise board of Tulsa county caused levies to be certified against the property in the four annexed districts, for the fiscal year commencing July 1, 1938, for the purpose of creating a fund to pay the interest and meet at maturity the bonded indebtedness outstanding against these four annexed districts.

At the request of the excise board the assessor prepared a certificate, which gave a valuation on real estate, personal property, the property of corporations, and the property of public service corporations in each of the annexed districts. As to public service corporations the assessor used the 1926 valuation in three of the annexed districts, and the 1933 valuation in one of them. These were the years the districts were annexed to district No. 22, respectively, and were the last years for which there was available a valuation certified by the State Board of Equalization or the Oklahoma Tax Commission as to the property of public service companies within the area of these annexed districts.

After making a careful study of the briefs and the authorities cited in support of the contentions of the petitioners in error, we find that the question before this court is not one pertaining to an illegal levy, but is one of an alleged illegal application of the levy.

We have heretofore held that obligations incurred in one school district cannot be removed from the property of such district by annexing such property to an independent district, but taxes for such obligations can still be levied against the property so annexed, notwithstanding that by such annexation such property becomes burdened with a share of the obligations of the independent district of which it becomes a part by the annexation. Missouri-Kansas-Texas Ry. Co. v. Bryan County Excise Board, 181 Okla. 229, 73 P. 2d 173; Protest of St. L. - S. F. Ry. Co., 164 Okla. 229, 23 P. 2d 699; In re Protest of St. L.-S. F. Ry. Co., 136 Okla. 265, 277 P. 932.

Therefore the levy made by the excise board of Tulsa county against property within the bounds of the four districts as they were before the annexation, to pay obligations outstanding against them at the time of the annexation, was a legal levy. Whether the excise board proceeded in accordance with the law in arriving at the valuation of the property within the bounds of what had been the four separate districts, the Court of Tax Review was without jurisdiction to determine.

The jurisdiction of the Court of Tax Review is limited to a consideration only of alleged illegal levies, by section 12306, O. S. 1931, 68 Okla. St. Ann. § 332. Said Court of Tax Review, therefore, has no authority to consider the alleged illegal application of a valid tax levy to specific property. Missouri, K. & T. Ry. Co. v. Cowden, Co. Treas., 184 Okla. 260, 86 P. 2d 776; Muskogee County Excise Board v. Stubbs et al., 172 Okla. 435, 45 P. 2d 721; Protest of First National Bank of Guthrie, 136 Okla. 141, 276 P. 766; In re Gibbens et al., 142 Okla. 180, 286 P. 318; Protest of First National Bank of Enid, 143 Okla. 115, 287 P. 1043.

In considering the motion to dismiss filed herein by defendants in error, the movant has cited for his authorities Atchley v. McFadden, 178 Okla. 303, 64 P. 2d 269; Ingram v. Groves et al., 84 Okla. 159, 202 P. 1019. We are of the opinion that these cases would be inapplicable as to the plaintiff in error herein, therefore, the motion to dismiss is denied.

Judgment of the Court of Tax Review is affirmed.

RILEY, CORN, GIBSON, and DANNER, JJ., concur. OSBORN and DAVISON, JJ., concur specially. HURST, J., dissents. BAYLESS, V. C. J., absent.