INDEPENDENT SCHOOL DIST. NO. I OF CUSTER COUNTY v. WILLIAMSON.

No. 36071.

Supreme Court of Oklahoma.

Oct. 27, 1953.

George J. Fagin, Oklahoma City, for plaintiff.

Mac Q. Williamson, Atty. Gen., James C. Harkin, Asst. Atty. Gen., Lynnie Clayton, Asst. Atty. Gen., for defendant.

McKnight & Edwards, Enid, W. A. Lybrand, Oklahoma City, C. H. Rosenstein, Tulsa, amici curiæ.

DAVISON, Justice.

This is an original action in this court whereby the plaintiff, Independent School District No. 1 of Custer County, Oklahoma, seeks the issuance of a peremptory writ of mandamus, ordering the defendant, Mac Q. Williamson, Attorney General, and ex-officio, Bond Commissioner of the State of Oklahoma, to endorse his approval upon certain bonds issued by the plaintiff in the principal amount of $137,000. The defendant refused to approve and sign the bonds upon the theory that, as to a part of said school district, the total indebtedness thereof, after the issuance of said bonds, would be in excess of 5% of the assessed valuation of the taxable property therein, in violation of Article X, § 26 of the Oklahoma Constitution.

Independent School District No. 1, Custer County, was formed in the following manner. A part of Independent School District No. 7 of Dewey County, Oklahoma, was detached therefrom and attached to Independent School District No. 4 of Custer County. That was in 1951. Subsequently, said Independent School District No. 4 of Custer County was consolidated with and became a part of Independent School District No. 1 of Custer County. Thereafter, by proper proceedings and vote, Independent School District No. 1 of Custer County elected to issue the bonds here in question. That part of School District No. 7 of Dewey County, which was annexed to School District No. 4 of Custer County and which subsequently became a part of Independent School District No. 1 of Custer County, the plaintiff herein, will be referred to hereafter as "Part of 7".

The following facts give rise to the present litigation. School District No. 7 was indebted to such an extent that the proportionate part of said debt chargeable to "Part of 7" was 3.6614 percent of its assessed valuation. The bonds, presently proposed to be issued, would create a debt amounting to 4.9006 percent of the assessed valuation of all of District No. 1. Defendant contends that, insofar as "Part of 7" is concerned, the total of both debts would be in excess of 5 percent of its assessed valuation and in violation of Art. X, § 26, of the Constitution. Plaintiff's position is that under the provisions of 70 O.S.1951 § 7–3, the proportionate part of the indebtedness of School District No. 7, which was chargeable to "Part of 7", became a part of indebtedness of the whole of Independent School District No. 1; that the total indebtedness of the plaintiff, including the proposed bonds and the items of indebtedness of the several component parts forming said school district, was 4.96094 percent of the total assessed valuation of said entire district.

The conclusion to be reached in the instant case is dependent upon the constitutionality of Paragraph (A), § 7–3 of Title 70 O.S.1951, which is as follows:

"The component parts (or part) of the district annexed, whether the annexation is or was voluntary or mandatory under the provisions of this or any prior Act, shall assume their full proportion of all legal bonded indebtedness of the district or districts to which they are or were annexed, and the district or districts to which they are or were annexed shall likewise assume a full proportion of all legal bonded indebtedness of the district annexed, or ratable proportion in ratio to the assessed valuation to the part annexed."

Defendant argues that the above quoted statute is unconstitutional, relying upon the reasoning contained in the opinion in the case of Missouri-Kansas-Texas R. Co. v. Excise Board of Bryan County, 181 Okl.

229, 73 P.2d 173, 175. The cited case was decided prior to the passage of the above quoted statute. Therein, several common school districts were annexed to an independent school district. A tax levy was made on all property in the independent district to pay the existing bonded indebtedness of the annexed districts. A protest was made to such levy on the ground that only the property in the annexed districts was liable for the payment of the prior debts of said annexed districts. The Court of Tax Review denied the protest and the matter came here on appeal. It was said in the opinion that,

"The statutes do not provide that the board of the independent district may levy a tax against all of the property in the district, both old and new, for the debts of the annexed territory. Without such legislative sanction no such authority exists. Nor can we look to any general rule that would contravene our constitutional provisions.

"Under section 26 of article 10 of the Constitution a school district which, as such, assumes a bonded indebtedness running beyond the year can do so only by complying with the provisions of the Constitution, i. e., by a vote of the electors. St. Louis-S. F. Ry. Co. v. Bonaparte, 142 Okl. 177, 286 P. 343; Protest of St. Louis-San Francisco Ry. Co., 164 Okl. 229, 23 P.2d 699.

"The Legislature recognized this prohibition of the Constitution in the act relating to consolidated districts when it specifically provided that the disorganized territory should remain liable for its obligations. Also, in the act relating to annexation of territory to an independent district, the Legislature provided for the taxation of the annexed territory for the regular obligations of the independent district, but did not provide that the independent district should assume the indebtedness of the annexed territory, doubtless because the Constitution prohibited such a provision. Section 6860, O.S.1931 (70 Okl.St.Ann. § 182). In the absence of such legislation the annexed territory remains liable for its proportion of the debts contracted by the district to which it formerly belonged and the

other property in the independent district cannot be charged with the liabilty."

■ The opinion in the cited case went further than was necessary to determine the issues there involved. At that time there was no statute authorizing the payment, by the annexing district, of the existing debts of the annexed territory. Without such statutory authority the levy of taxes therefor was illegal. However, the constitution does not prohibit the adoption of such authorizing legislation. We cannot perceive how the framers of the Constitution, by the terms of Article X, § 26, intended it to be a limitation on the methods of establishing or altering the boundaries of school districts.

In the later case of Lowden v. Luther, 190 Okl. 31, 120 P.2d 359, 360, this court had under consideration the question of whether or not said constitutional provision prohibited the fixing of past indebtedness of the annexing district upon property in the annexed territory where the annexation was accomplished without a vote of the electors in either district. It was there held that,

"The statutes being silent as to liability for the debts of the school district to which the territory of the disorganized district is annexed under authority of section 6836, O. S.1931, 70 Okl.St.Ann. § 772, the taxable property in such annexed territory is subject to taxation to pay the pre-existing indebtedness of the district to which it is annexed, as well as the current expenses, and such result is not prohibited by section 26, article 10 or section 7, article 2 (the due process clause) of the state constitution."

In effect, the latter case overruled, and rightly so, the reasoning and expressions, as to the constitutional question, contained in the Bryan County case. It was further pointed out in the last cited case that,

"The general rule is that, except as limited by the constitution, the Legislature has full power to provide by general law for the organization, consolidation, merger, change of boundaries, and dissolution of school districts, and it is not necessary that the districts affected give their consent to such action. Dowell v. Board of Education, supra [185 Okl. 342, 91 P.2d 771]; Musick v.

704

State, 185 Okl. 140, 90 P.2d 631; School District No. 17 v. Zediker, 4 Okl. 599, 47 P. 482; Southern Pac. Co. v. Pima County, 38 Ariz. 11, 296 P. 533; 56 C.J. 198, 199, 264; 24 R.C.L. 562; Dillon, Municipal Corp. (5th Ed.) § 355; McQuillin, Municipal Corp. (2nd Ed.) § 284. Our constitution contains no such restriction pertinent to the issues of this case."

Subsequently, although not involving a constitutional question, it was said, in the case of Cooperton Con. School Dist. No. 10, Kiowa County v. Roosevelt Con. School Dist. No. 7, Kiowa County, 194 Okl. 47, 147 P.2d 447, 450, that,

"* * * It will be observed that the statute quoted, supra, makes complete provision for the rights and liabilities of school districts annexing territory of adjacent school districts. The provisions so made being wholly statutory are exclusive. * * This fixed the rights and liabilities of the plaintiff. * * *"

■■ In the instant case, "Part of 7" was only a small part of the plaintiff school district and it seems rather absurd to say that by attaching itself to a larger and practically debt free school district, it could prevent the latter from acquiring those facilities necessary for the proper education of its children. If that were the law, then, by proper timing, small parts of adjacent indebted districts could annex themselves to a large prosperous district without its consent and thus prevent it from acquiring any additional facilities. This was certainly not intended by the framers of the Constitution. There is a wide difference between an annexing district absorbing the assets and liabilities of annexed territory, which has been absorbed, and the incurring of new indebtedness. The purpose of Article X, § 26, of the Constitution was to limit the latter situation but it was not intended that it should apply to the former. Methods and policies of organizing and reorganizing school districts and of fixing and changing their boundaries are matters over which the Legislature has control. As an incident thereto, it must also have control over the fixing of the resultant financial status as respects prior assets and obligations. Theoretically there is no increase or decrease in either. Were it otherwise, unity in a school district composed of parts or all of former districts would be impossible. There would be federation rather than union.

■ Therefore, the above quoted section 7-3 of Title 70 O.S.1951 does not contravene Article X, § 26, of the Constitution. Insofar as the opinion in the case of Missouri-Kansas-Texas R. Co. v. Excise Board of Bryan County, supra, is in conflict with the views herein expressed, the same is overruled.

It is ordered that the peremptory writ of mandamus issue, as prayed for by plaintiff.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.