OLUSTEE CO–OPERATIVE ASSOCIATION of Olustee, Oklahoma, and Rodney Hughes, Plaintiffs,

v.

OKLAHOMA WHEAT UTILIZATION RESEARCH AND MARKET DEVELOPMENT COMMISSION, Defendant.

No. 40845.

Supreme Court of Oklahoma.

April 7, 1964.

Bob R. Scarbrough, Altus, for plaintiffs.

Ryan Kerr and Larry Derryberry, Altus, and Roy E. Grantham, Ponca City, for defendants.

Frank Carter, of Otjen, Carter, Huddleston & Otjen, Enid, for Oklahoma Farm Bureau (intervenor).

Hugh Conway, Enid, for Oklahoma Wheat Growers Ass'n (intervenor).

Stuart H. Russell, Oklahoma City, for Oklahoma Farmers Union (intervenor).

WILLIAMS, Justice.

Plaintiffs, Olustee Co-Operative Association of Olustee, Oklahoma, and Rodney Hughes, instituted this original proceeding seeking a writ of prohibition directed to the Oklahoma Wheat Utilization Research and Market Development Commission, defendant. The real object of the proceeding is to challenge the constitutionality of House Bill No. 750 of the twenty-ninth Oklahoma Legislature (2 O.S.1963 Supp. §§ 1001–1019). Plaintiffs ask that such commission be prevented from "in any manner attempting to put in force and effect the terms and conditions of said" act.

Both the plaintiffs and defendant have joined in a request that this Court assume jurisdiction. Due to the public character and importance of the question, we have decided to do so.

Section 11 of the subject act (2 O.S.1963 Supp. § 1011) provides:

"There is hereby assessed a fee of two and one-half (2½) mills per bushel upon all wheat marketed in the State of Oklahoma after January 1, 1964, and sold through commercial channels, beginning January 1, 1964, or as soon thereafter as this Act shall become effective. The fee is assessed and imposed on the grower at the time of sale or delivery, and shall be collected and remitted by the first purchaser to the commission, except that no fee shall be assessed in any county exempt under the provisions of this Act. Under the provisions of this Act, no wheat shall be subject to the fee more than once."

Section 4 of that act (2 O.S.1963 Supp. § 1004) contains the following language:

" * * * Provided that any county having less than ten thousand (10,000) acres, defined by the Federal government as allotted wheat acres, shall be exempt from the provisions of this Act."

In urging that such act is unconstitutional plaintiffs advance two propositions. The first is:

"That said Act imposes a discriminatory tax and is therefore in violation of Section 50, Article 5, and Section 5, Article 10 of the Oklahoma Constitution, in that said Act exempts certain persons from taxation and same is not a uniform law."

Article V, Section 50 of the Oklahoma Constitution is as follows:

"The Legislature shall pass no law exempting any property within this State from taxation, except as otherwise provided in this Constitution."

Article X, Section 5 of our Constitution provides:

"* * * Taxes shall be uniform upon the same class of subjects."

Defendant contends that the assessment is not a tax. We do not agree. In 51 Am.Jur. Taxation, § 3, pp. 35, 36, 37 and 38, is the following language:

"A tax is a forced burden, charge, exaction, imposition, or contribution assessed in accordance with some reasonable rule of apportionment by authority of a sovereign state upon the persons or property within its jurisdiction, to provide public revenue for the support of the government, the administration of the law, or the payment of public expenses. Any payment exacted by the state or its municipal subdivisions as a contribution toward the cost of maintaining governmental functions, where the special benefits derived from their performance is merged in the general benefit, is a tax. * * *"

In 84 C.J.S. Taxation § 1, par. b., page 34 is the following:

" * * * The question whether a particular contribution, charge, or burden is to be regarded as a tax depends on its real nature, and, if it is in its nature a tax, it is not material that it may be called by a different name; * * *"

We determine that the proposed assessment would be a tax.

We do not consider the cases cited by defendant and intervenors to be applicable. The Washington case (Robinson v. Dwyer, Wash., 346 P.2d 521) involved consideration of a statute exempting therefrom anyone producing less than 500 bushels of wheat. In the present case, the exemption applies not to wheat produced by growers of certain amounts of wheat but to wheat produced in certain counties. But those who would be taxed are the growers, not the counties.

As noted in the sections of our act hereinabove set forth the tax would not be

levied or imposed upon all wheat grown in this State. We have seen that wheat grown in counties "having less than ten thousand (10,000) acres" would be exempted from such tax. The effect of such exemption would be to tax the wheat of some growers and to exempt that of others, even though all such growers presumably would receive benefits resulting from the imposition and collection of such tax. Suppose A is a wheat grower living in a county where the tax would be levied and produces 500 bushels of wheat. His wheat would be taxed. Suppose B is such a grower living in a county where the exemption is in effect and produces 1000 bushels of wheat. His wheat would not be taxed even though he grows twice as much wheat and would enjoy, even as A would, any benefits resulting from collection of the tax. There is no authority for exempting some wheat growers from the burden of the tax out of which their advantages presumably would grow, Lowden v. Excise Board of Texas County, 185 Okl. 143, 90 P.2d 923, absent classification on a reasonable and lawful basis.

In the case of Board of Equalization of Tulsa County v. Tulsa Pythian Benevolent Ass'n of Tulsa, 195 Okl. 458, 158 P.2d 904, in the second paragraph of the syllabus, we held:

"Section 50, art. 5, of the Constitution of Oklahoma inhibits the Legislature from extending tax exemptions to property not otherwise exempt by the Constitution."

In the case of State ex rel. Tharel v. Board of County Commissioners of Creek County, 188 Okl. 184, 107 P.2d 542, is the following language:

"The equal distribution of the burdens of government was a matter of concern to the framers of our Constitution. It goes hand in hand with the equal protection of the citizens by the laws. Each citizen is entitled to such equal protection, and as a necessary corollary is required to contribute his rightful share of the expenses of the government from which he receives

protection. To achieve this result, sec. 5, Art. 10, providing that 'taxes shall be uniform upon the same class of subjects' * * *."

The proposed exemption in the Oklahoma act is not made to apply equally to all wheat growers in the state. Nor is it extended on the basis of a reasonable and lawful classification.

■ We determine that the subject act violates both Article 5, Section 50 and Article X, Section 5 of the State Constitution.

Having made such determination, we deem it unnecessary to discuss or consider plaintiffs' second proposition which is:

"That said Act is discriminatory for the reason that under said Act, counties in Oklahoma raising 10,000 or less acres of wheat, do not come under the terms and conditions thereof and [are] not obligated to follow said Act, and therefore is contrary to and in violation of the Constitution of the State of Oklahoma".

Nor need we determine whether such act violates Article V, Sections 46 and 59 of our State Constitution which respectively provide:

"The Legislature shall not * * * pass any local or special law * * * Exempting property from taxation."

"Laws of a general nature shall have a uniform operation throughout the State, * * *".

■ In the case of Jones v. Cordell, 197 Okl. 61, 168 P.2d 130, this Court held a particular Senate Bill attempting partial senatorial reapportionment to be unconstitutional and in the third paragraph of the syllabus said:

"The Supreme Court may, in its discretion, restrain election officials from conducting an election under an unconstitutional law."

In the case of State ex rel. Trapp v. Chambers, 96 Okl. 78, 220 P. 890, 30 A.L.R. 1144, this Court restrained a private citizen from interfering with the executive duties of the acting Governor and held

"This court has the power to issue injunctions in support of its decisions; * * *."

Having determined that the act here in question is unconstitutional, we further hold that pursuant to Article VII, Section 2, Oklahoma Constitution we are authorized to enjoin its enforcement.

Writ granted.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, JACKSON and BERRY, JJ., concur.